WILLIAM H. REXTER, Respondent, *v.* JOHN STARIN, Appellant.

It is the duty, as well as the right, of a person, whose property is endangered by the negligence of another, to do what he reasonably can to save and protect it; he cannot stand still and omit such care as he can reasonably and prudently take, and thus suffer a loss and cast it upon another. If, therefore, while exercising such care he is injured, the person guilty of the negligence is liable.

Where a judge has made a full and fair charge, laying down the general propositions of law controlling the case, it is within his discretion and he may ordinarily refuse to go further; he is not bound to charge, upon request of counsel, how the jury shall find, if they find one way or the other, as to particular facts in the case.

(Argued March 29, 1878; decided April 2, 1878.)

THIS action was brought to recover damages for injuries sustained by a collision between plaintiff's canal-boat and a barge in tow of a tug belonging to defendant, through the alleged negligence of defendant's servants.

Plaintiff's boat was fastened to a pier in the city of New York; he was on another boat adjoining his when he saw the tug and tow approaching. Apprehending there might be a collision, he ran upon his own boat; the barge struck the bow of his boat, and a piece of timber, torn off by the collision, struck him and broke his leg. The evidence as to the negligence of the persons in charge of the tug the court held to be sufficient to sustain the verdict. It was claimed, on the part of defendant, that there was contributory negligence; this was based upon the fact of plaintiff's going upon his boat when he apprehended a collision, and thus putting himself in the way of danger. *Held*, untenable; that when plaintiff saw his boat in danger it was his duty, as well as his right, to use reasonable exertion to save her; that he could not stand still and omit such care as he could reasonably and prudently take and thus suffer his boat to be injured and cast the loss upon defendant; that it was for the jury to determine whether the act of plaintiff was a prudent and proper one. The court say there is nothing in *Eckert* v. *L. I. R. R. Co.* (43 N. Y., 502) in conflict with these views.

The trial court fully stated the law applicable to the case, charging, among other things, as follows: "A man contributes to an injury himself when the injury is one which a prudent man might well anticipate as resulting from the circumstances to which he exposed himself. No speculation should be entered into as to whether it might result in the breaking of a finger or the smashing of his leg. When anything of that character is anticipated, he is guilty of contributory negligence if he exposes himself in such a way as a careful and prudent man would not." Defendant's counsel requested the court to charge, that "if plaintiff knowingly and voluntarily placed himself in a position where he was liable to receive the injury in question, he was negligent and cannot recover for the injury to himself." The court refused

so to charge. *Held*, no error ; that the charge made fairly covered that requested ; also, that the request might have been properly refused under the principle stated in head note.

The court was also requested and refused to charge that the fact that plaintiff "did receive the injury in question where he was is proof that he was liable to receive it there." *Held*, no error ; that it was a matter of fact, as to which the court was not bound to charge ; also that the question for the jury was whether, before the accident happened, plaintiff acted prudently, which was not controlled by what occurred at the time of the accident.

*Robert D. Benedict* for appellant.

*W. W. Goodrich* for respondent.

EARL, J., reads for affirmance.
All concur, except ALLEN and RAPALLO, JJ., absent.
Judgment affirmed.