(19 App. Div. 262.)

## SMITH v. GRAY.

(Supreme Court, Appellate Division, First Department. June 25, 1897.)

TRIAL—INSTRUCTIONS.

    The extent to which a judge, in charging the jury, shall recapitulate and analyze the testimony is entirely in his discretion, and in a case where the questions are simple and the evidence in a small compass it is not error for the judge, after he has correctly stated the general propositions of law applicable to the case, to refuse to charge, upon the request of counsel, how the jury shall find if they find one way or another as to particular facts in

the case. Van Brunt, P. J. and Parker, J., dissenting, on the ground that the defendant in this case was entitled to a particular application of the general principles of law to the facts sought to be proved by him.

Appeal from trial term.

Action by Edward E. Smith against Robert J. Gray. From a judgment entered upon the verdict of a jury, and the order deny-ing a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, INGRAHAM, and PARKER, JJ.

Jacob F. Miller, for appellant.
George W. Dease, for respondent.

RUMSEY, J. Upon the trial of this action there was practically no dispute between the parties as to the rules of law properly ap-plicable to it. The single question was the one of fact raised by very sharply conflicting testimony given in behalf of the respective parties. In his charge to the jury the learned justice stated fully to them the several questions of fact which they were to decide. He told them what particular facts the plaintiff must prove to entitle him to recover in the action, and he gave them sufficient informa-tion as to the burden of proof, and instructed them that it was nec-essary that the plaintiff should satisfy them by a fair preponderance of the evidence of the existence of the facts upon which his right to recover depended. This was all that he was required to do. The court is called upon in charging a jury to state to them the questions to be decided by them, and the rules of law bearing upon each question, so far as it is necessary that such rules should be stated to enable the jury to understand the importance of the ques-tions of fact. When that has been done so that the jury have a clear understanding of the questions they are called upon to de-cide, and of the principles upon which they should act, the judge has fully performed his duty. To what extent he shall recapitulate the testimony to the jury, and how far he shall express to them his opinion upon the relative weight to be given to the facts, are mat-ters entirely in his discretion. If the case be a complicated one, so that an analysis is desirable to enable the jury to fully under-stand it, the judge should so far analyze it that the jury may in-telligently pass upon the questions presented to them. But in a case like this, where the questions are simple, and the evidence is in a small compass, the extent to which the judge shall go into the evidence and explain to the jury the relative weight to be given to particular portions of the testimony, must be a matter very largely in his discretion. The court of appeals have said that when a judge had laid down the general propositions of law controlling the case it is within his discretion whether he will go further or not, and he is not bound to charge, upon request of counsel, how the jury shall find, if they find one way or another as to particular facts in the case. Rexter v. Starin, 73 N. Y. 601. These rules apply with great force to that request to the court to charge the jury "that, if the plaintiff refused to tell Mr. Gray who the owners were, what they

wanted, what the nature of the boilers was to be, what the details of the work were, and Mr. Gray was afterwards introduced to the owners, and agreed with them, in ignorance of the names of the owners as connected with Smith, the plaintiff is not entitled to recover, and the verdict must be for the defendant." The court had instructed the jury, in response to the defendant's request, that to enable the plaintiff to recover he must have procured an agreement between the two parties, specified the terms of the agreement, and procured a purchaser upon the terms provided by the seller. And this instruction in various ways had been given to the jury in the judge's general charge, before the request had been made. In response to the request quoted above, if the judge had refused to charge except as he had already charged, it would not have been error. But in fact the court did sufficiently comply with the request as made. His answer to the request was that he declined to charge in the language as requested, and left that question of fact raised by the request, as he did all other questions of fact, to the jury to determine upon the testimony; saying to them, in addition, that it must appear to their satisfaction that the plaintiff's services were the efficient and procuring cause, otherwise the plaintiff could not recover. This sufficiently protected the defendant's rights; and unless we are to say that a judge must in every case recapitulate important portions of the testimony after he has fully instructed the jury as to the rules of law applicable to the case and the questions of fact to be decided by them, we cannot reverse this judgment for the refusal to charge in the terms of the request above.

The judgment should be affirmed.

WILLIAMS and INGRAHAM, JJ., concur.

VAN BRUNT, P. J. (dissenting). This action was brought to recover commissions alleged to be due to the plaintiff for having procured for the defendant certain work in the furnishing of boilers to the steamboat Havana upon the promise of the defendant to pay a commission therefor. The plaintiff gave evidence tending to show that he was employed by the defendant to procure this work, and that the defendant promised to pay him 5 per cent. commission therefor, and that the plaintiff did procure for the defendant this work. The defendant denied the agreement to pay commissions, and alleged that he received no information from the plaintiff through which he procured the work. He testified that the plaintiff refused to tell him who the owners of the boat were, what they wanted, what the nature of the boilers was, and what the details of the work were; and that he was introduced to the owners of the boat by another party, and agreed with them in regard to the work, in entire ignorance of the connection of the owners with the plaintiff. He further testified that all the connection that he knew that Smith had with the matter was the fact of his being present at the execution of the contract, and witnessing the same, and a statement by Smith that he was one of the owners. Thus it will be seen that a sharp conflict of testimony was presented for the determination

of the jury as to what the real transaction was. The court charged entirely correctly that the issues in the case were: First. Was the plaintiff employed by the defendant to procure for him the work of putting two boilers into the steamship Havana? Second. Did the defendant promise to pay for the services of the plaintiff, in the event of the plaintiff's securing for him this work, the sum of 5 per cent. upon the money called for by the contract? And were the services of the plaintiff the efficient and producing cause that secured for the defendant the contract and work of supplying the steamboat Havana with the two new boilers? These abstract rules of law were repeated more than once during the progress of the charge, but no application whatever was made by the court of the abstract propositions charged to the conflicting claims of the plaintiff and of the defendant. At the close of the charge the defendant's counsel asked the court to charge "that, if the plaintiff refused to tell Mr. Gray who the owners were, what they wanted, what the nature of the boilers was to be, what the details of the work were, and Mr. Gray was afterwards introduced to the owners, and agreed with them in ignorance of the names of the owners as connected with Smith, the plaintiff is not entitled to recover, and the verdict must be for the defendant." The court declined so to charge, and added: "I leave that question of fact raised by the request, as I do all other questions of fact, to the jury to determine upon the testimony. I decline to charge otherwise than I have already charged on that subject. It must appear to your satisfaction that the plaintiff's services were the efficient and procuring cause, otherwise the plaintiff cannot recover." It will thus be seen that the court declined to instruct the jury as to the particular facts of the case, or to inform them as to what would or would not be an efficient and procuring cause; and left them to apply the abstract propositions of law to the evidence as they might find it, without any instructions as to what would be sufficient to satisfy the requirements of the law in regard to the various elements which entered into a right of recovery. It is a well-recognized fact that there are but few differences in regard to naked propositions of law, but that their application to particular conditions of fact sometimes leads to almost endless discussion; and the application of these abstract rules of law in the case at bar was left absolutely to the caprice of the jury. It seems to me that the defendant had a right to have the jury instructed that, if his statement was true in regard to the transaction and to the plaintiff's connection therewith, the latter was not entitled to recover; and not to leave the jury to infer that the incidental connection of the plaintiff with the transaction as testified to by the defendant could possibly form a basis of a recovery. The counsel having excepted to this refusal of the court, it seems to me that it was error.

I am of the opinion, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

PARKER, J., concurs.