ROBERT A. WARDROP, Appellant, *v.* SANTI MOVING AND EXPRESS COMPANY, Respoendnt.

**Negligence — contributory negligence — rule as to risks which may be taken to protect property without imputation of negligence — when owner of automobile, injured while attempting to prevent truck from colliding with his car, standing in street, not guilty of contributory negligence.**

1. While more risks may be taken to protect life than to protect property without involving the imputation of negligence, it is the rule that a reasonable effort may be made in the latter case, but each case must depend upon its own peculiar facts.

2. Plaintiff's automobile was parked at the side of a narrow street. A chauffeur driving a large truck owned by defendant tried to turn it around opposite plaintiff's car but because the grade was steep he could not control the truck and a collision with plaintiff's car seemed inevitable. Plaintiff, while trying with the help of an employee of defendant to help the chauffeur by seizing the bumper of the truck and attempting to guide it, was caught between the hub of the truck and his own car and was seriously injured. *Held,* that it was error for the Appellate Division to reverse a judgment against the owner of the truck in favor of plaintiff and dismiss the complaint upon the ground that he was guilty of contributory negligence. It was a question of fact for the jury whether, under all the circumstances, what was done by plaintiff was or was not reasonable.

*Wardrop* v. *Santi Moving & Express Co.,* 194 App. Div. 913, reversed.

(Argued March 7, 1922; decided April 18, 1922.)

APPEAL from a judgment, entered November 13, 1920, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*Albert Ritchie* for appellant. The plaintiff was not guilty of contributory negligence as a matter of law. (*Rexter* v. *Starin,* 73 N. Y. 601; *Wasmer* v. *D., L. & W. R. R. Co.,* 80 N. Y. 212; *I. C. R. R. Co. Case,* 229 Ill.

390; *Liming* v. *Ill. Central R. R. Co.*, 81 Iowa, 246; *Glanz* v. *C., M. & St. P. R. R. Co.*, 119 Iowa, 611; Thomp. on Neg. § 199.)

*Thomas H. Rothwell* for respondent. Plaintiff's own testimony and all the evidence in the case shows that the plaintiff was guilty of contributory negligence as a matter of law. (*Morris* v. *Ry. Co.*, 148 N. Y. 182; *Eckert* v. *L. I. R. R. Co.*, 43 N. Y. 502; *Schneider* v. *S. A. R. R. Co.*, 133 N. Y. 583; *Bell* v. *City of New York*, 114 App. Div. 22; *Smith* v. *Erie Railroad Co.*, 182 App. Div. 528; *McGuire* v. *New York Railways Co.*, 230 N. Y. 23; *Hatch* v. *L. S. & M. S. R. R. Co.*, 167 App. Div. 958; 219 N. Y. 650; *Nelson* v. *L. S. & M. S. R. R. Co.*, 185 App. Div. 174.) .

ANDREWS, J. The plaintiff's car was parked next the curb on a narrow street. It faced the south. He himself stood upon the sidewalk near by. Opposite, a private driveway ran at right angles up a grade from the street. Past this car going north came a heavy truck some twenty-two feet long belonging to the defendant. It was necessary to turn it so that it also should face south. It, therefore, was backed into this driveway and stopped. It then faced the plaintiff's car and its fender was but three and one-half or four feet from it. The chauffeur of the truck was at the wheel. He had two helpers with him. They were on the ground beside him.

Under these circumstances it would seem that if the chauffeur of the truck started forward and attempted to swing to the south a collision was almost inevitable. At least the jury might infer that such an act would be negligent, yet this is precisely what the chauffeur did. Perhaps the explanation of his act is given by himself when he says he was " kind of dizzy, trying to control my car because the hill was very steep." At any rate the car came forward very slowly. Apparently the

chauffeur endeavored either to stop or to turn in time. One of the assistants was trying to help by blocking the wheels. It occurred to Wardrop that he, too, might help by seizing the bumper. The same thing occurred to the other assistant. Mr. Wardrop, therefore, took hold of the bumper at the right-hand side of the car outside of the wheel and the assistant seized the bumper on the left-hand side. They might aid the man who was steering. The attempt was unsuccessful. The truck continued on and a collision occurred. In this collision Mr. Wardrop's leg was caught between the hub of the wheel of the truck and his own car and he was seriously injured.

Under these circumstances we cannot say that he was guilty of negligence as a matter of law. That is not always the rule when an effort is made to protect life or property from injury. Each case must depend upon its own peculiar facts. Was the act resulting in the injury reasonable under all the circumstances? Was the end to be gained fairly commensurate with the risks incurred. Undoubtedly more risks may be taken to protect life than to protect property without involving the imputation of negligence, but the rule is that a reasonable effort may be made even in the latter case. We think that whether under all the circumstances what was done by Mr. Wardrop was or was not reasonable is a question of fact for the jury.

The judgment appealed from must be reversed and that of the trial court reinstated, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND and MCLAUGHLIN, JJ., concur; HOGAN and CRANE, JJ., dissent.

Judgment accordingly.