GEORGE H. RAGUE, as Administrator of the Estate of WILLIAM J. RAGUE, Deceased, Appellant, *v.* STATEN ISLAND COACH COMPANY, INC., Respondent.

Argued April 29, 1942; decided June 4, 1942.

*Ralph Stout* and *John R. Daly* for appellant. As a matter of law the plaintiff made out a *prima facie* case on the issue of defendant's negligence. (*Backus* v. *Severn*, 224 App. Div. 72; *Rider* v. *Syracuse R. T. Ry. Co.*, 171 N. Y. 139; *Sherman* v. *Millard*, 144 Misc. Rep. 748; *Kellegher* v. *Forty-Second Street, M. & St. N. Ave. R. R. Co.*, 171 N. Y. 309; *Thurber* v. *Harlem B., M. & F. R. R. Co.*, 60 N. Y. 326; *Wardrop* v. *Santi Moving & Express Co.*, 233 N. Y. 227; *Kettle* v. *Turl*, 162 N. Y. 255; *Wasmer* v. *Delaware, L. & W. R. R. Co.*, 80 N. Y. 212.)

*Milton Kuren* and *Henry P. Goldstein* for respondent. Plaintiff failed to prove that the defendant was guilty of negligence. (*Gloshinsky* v. *Bergen Milk Transp. Co.*, 279 N. Y. 54; *Lane* v. *City of Buffalo*, 232 App. Div. 334.) Plaintiff was guilty of contributory negligence as a matter of law. (*Gloshinsky* v. *Bergen Milk Transp. Co.*, 279 N. Y. 54; *Lobsenz* v. *Rubinstein*, 258 App. Div. 164; 283 N. Y. 50; *Storr* v. *New York Central R. R. Co.*, 261 N. Y. 348; *Shields* v. *Van Kelton Amusement Corp.*, 228 N. Y. 396; *Griffin* v. *State of New York*, 250 App. Div. 244; *Dolfini* v. *Erie R. R. Co.*, 178 N. Y. 1; *Rowell* v. *Hutzler Lumber Co.*, 228 App. Div. 158; *Morris* v. *Railway Co.*, 148 N. Y. 182; *Eckert* v. *Long Island R. R. Co.*, 43 N. Y. 502; *Smith* v. *Erie R. R. Co.*, 182 App. Div. 528; *Miller* v. *Union Ry. Co.*, 191 N. Y. 77; *Hatch* v. *Lake Shore & Michigan Southern Ry. Co.*, 167 App. Div. 958; 219 N. Y. 650; *Nelson* v. *Lake Shore & Michigan Southern Ry. Co.*, 185 App. Div. 174.)

LEWIS, J. The decedent named in the title to this action, to whom reference will be made as the plaintiff, suffered personal injuries in an automobile traffic accident which have given rise to the present suit. From statements made by counsel upon

the argument we proceed upon the assumption that the cause of the plaintiff's death, following the trial, was unrelated to the injuries here involved.

On the night of December 3, 1937, the plaintiff was engaged in delivering to newsstands in Port Richmond, Staten Island, bundles containing the evening edition of a New York newspaper. In doing so he used a light delivery truck with a driver's cab. On either side of the cab was a single door hinged on the forward edge and with the door latch on the opposite or rear edge. When the door on the left side of the cab was opened by the driver it was the latch edge toward the rear which swung outward.

At about ten o'clock the plaintiff had stopped his truck parallel to and close against the curb in front of a store on Richmond Terrace where he had delivered a bundle of papers. Returning to his truck he had seated himself behind the steering wheel and closed the cab door. At that time the front end of his truck extended about three feet over the rear line of a marked area reserved for a "bus stop." Within that reserved area and a short distance ahead of the plaintiff's truck was a brown colored bus standing parallel to the curb. It was while those conditions prevailed that the plaintiff observed another bus, concededly owned by the defendant and operated by its agent, come into view from the rear and to the left of his truck. As the bus moved forward its course was gradually turned at an angle to the right toward the curb in front of the plaintiff's truck. The bus stopped, however, before reaching the curb, when it came into contact with the left front fender of the plaintiff's truck. The right side of the bus was then close against the left side of the truck. It was while the two vehicles were stationary and in that position that the plaintiff opened the left door of his cab far enough to permit him to place his left foot on the running board and to project his head upward through the V-shaped opening formed between the top of the opened door and the top of the cab. With his head protruding over the top of the door the plaintiff shouted a warning to the bus driver who was then sounding his horn in an effort to signal the brown colored bus to move ahead. As the defendant offered no evidence the record does not contain proof as to whether the bus driver heard the

plaintiff shout. We do know that the night was cold and that the windows of both bus and truck were closed. We also know that the plaintiff's shout was heard by a witness who, at the time of the accident, stood across the street at a point sixty feet from the bus. In any event the plaintiff's warning was not heeded and the bus moved slowly forward. As it did so the right side of the bus came into contact with the opened left door of the plaintiff's cab in such a way that plaintiff's head was impinged between the top of the door and the top of the cab, thus inflicting personal injuries, the legal responsibility for which is the subject of this action.

In describing the first contact between the two vehicles the plaintiff's testimony stands undisputed that " the bus came alongside and just scraped the front fender, and I felt it." The plaintiff also testified without contradiction that after he had opened the left door of his cab the door did not extend beyond the left side of his truck. There is no evidence that plaintiff moved his truck at any time after the bus passed along its left side. There is testimony, however, by the witness Hickey that after the accident " the bus had Mr. Rague's truck jammed up against this sidewalk." Upon that phase of the proof the plaintiff's testimony stands uncontradicted that when the bus started forward after its first contact with plaintiff's truck — " the bus hit the front, in other words, a good smash — the front fender as well as the door and everything else."

In addition to the evidence mentioned above and as bearing upon the reason why, in circumstances then existing, the plaintiff opened the left door of his cab and thrust out his head to warn the bus driver, counsel for the defendant adduced from the plaintiff on cross-examination the following testimony: " Q. And you were afraid that if the driver didn't do the right thing your truck might get damaged, isn't that a fact? A. Smashed up. Q. Is that right? A. It might get damaged, yes. Q. And that is why you put yourself out in that position? A. Yes. * * * A. The door was open enough for me to get my foot out and yell in time as I thought to stop what happened."

We thus find undisputed testimony that after the first impact by the bus against the defendant's truck and in an effort to prevent further damage to his property, the plaintiff placed himself in the position where later he suffered personal injuries.

After a charge to which no exceptions were taken which are material upon this appeal, a jury found the defendant negligent and the plaintiff free from fault and awarded a verdict to the plaintiff. Thereafter, upon appeal to the Appellate Division, the judgment entered upon the verdict was reversed on the law and the facts and the complaint dismissed on the law.

Upon the evidence to which reference has been made we cannot say as matter of law either that it was plaintiff's own negligence which caused his injuries or that the defendant's driver was not lacking in due care in the manner in which he operated the defendant's bus. It is only where circumstances established by the evidence admit of but a single inference that we may decide as a matter of law what inference shall be drawn. (*Camardo* v. *New York State Railways*, 247 N. Y. 111, 118.) The evidence of record before us does not present such a situation. The plaintiff had the right, after he felt the first contact between the bus and his truck, to take prudent measures to protect his property from further damage provided he exercised reasonable care for his own safety in doing so. (*Wasmer* v. *D., L. & W. R. R. Co.*, 80 N. Y. 212, 218.) But it was for the jury to determine whether the act of the plaintiff was a prudent and proper one under conditions then affecting his effort. (*Rexter* v. *Starin*, 73 N. Y. 601, 602; *Kettle* v. *Turl*, 162 N. Y. 255, 258.) In *Wardrop* v. *Santi Moving & Express Co.* (233 N. Y. 227), where, as in the case at hand, the plaintiff was injured in a vain attempt to save his own motor car from damage, the opinion (per ANDREWS, J.) states the rule which we think is decisive here on the question of the plaintiff's negligence (p. 229): " Under these circumstances we cannot say that he was guilty of negligence as a matter of law. That is not always the rule when an effort is made to protect life or property from injury. Each case must depend upon its own peculiar facts. Was the act resulting in the injury reasonable under all the circumstances? Was the end to be gained fairly commensurate with the risks incurred? Undoubtedly more risks may be taken to protect life than to protect property without involving the imputation of negligence, but the rule is that a reasonable effort may be made even in the latter case. We think that whether under all the circumstances what was done by Mr. Wardrop was or was not reasonable is a question of fact for the jury."

The reasons may be sufficient why the defendant's bus-driver was not called as a witness to explain his conduct. But upon the present record the question whether the evidence descriptive of the manner in which the bus was operated satisfied the standard of care which the law required of the defendant's operator, in the circumstances then existing, was also for the triers of the facts. (*Kellegher* v. *Forty-second St., Manhattanville & St. Nicholas Ave. R. R. Co.*, 171 N. Y. 309, 312.)

The judgments should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.