## STROUD v. BRANDS PUNCH SYRUP CO. et al.

### No. 11914.

Court of Civil Appeals of Texas. Galveston.

Oct. 23, 1947.

Rehearing Denied Nov. 13, 1947.

Earl Cox, of Houston, for appellant.

Richard F. Burns and Andrews, Kurth, Campbell & Bradley, of Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by Mrs. Ann Stroud, for the recovery of damages from appellees, Brands Punch Syrup Company, and the members of the copartnership, individually, for the loss of her left eye as a result of the explosion of a bottle of ginger ale which had been manufactured and sold by appellees.

At the close of the testimony, after both sides had rested, the court granted appellees' motion for an instructed verdict upon the alleged grounds that the injury complained of was caused by the contributory negligence of appellant as a matter of law. They alleged that she had not made out a case of res ipsa loquitur and that there was no showing in the record of a failure on the part of the defendants, appellees herein, to exercise ordinary care. Upon the verdict thus returned judgment was rendered that plaintiff take nothing by her suit.

The appellant, Mrs. Ann Stroud, was employed by Telephone Liquor Stores at their place of business, a one-room frame building, at 2432 Bissonett Street in the City of Houston.

On July 24, 1946, while she was alone in the store, her employer directed her by telephone to put some Houston Club ginger ale, which had been bottled by appellees about the middle of June, 1946, on display. She removed eight bottles of the beverage from the crate and placed them on the counter of the store. A short time thereafter, five of the bottles exploded. She immediately attempted to report the occurrence to her employer and was advised by his wife to place the remaining bottles of ginger ale in the ice box. Mrs. Stroud testified that, acting on this instruction, she had carefully placed the three remaining bottles in the ice box and that, while doing so, one or more of the bottles exploded and a piece of glass from one of the exploded bottles struck her in the eye necessitating the removal of her left eye ball. She testified, in substance, that she was badly frightened by the first explosion and that she put the remaining bottles in the ice box because she wanted to place them some place where they would not explode and injure some customer or herself.

The ginger ale and lime rickey in question were a part of 20 cases of ginger ale and lime rickey purchased by Telephone Liquor Stores. The proprietor of the Liquor Stores testified that they were delivered to his warehouse the day they were purchased and that they were carefully handled while in his possession. After the explosion on July 24th, other bottles of this twenty-case lot purchased by Telephone Liquor Stores exploded and the proprietor of the Liquor Stores turned 14 bottles of the ginger ale over to Dr. Jessen, a chemical and petroleum engineer, and R. D. Wende, a bacteriologist with the State Health Department laboratories, for analysis. They reported, in substance, that an examination of seven bottles of the beverages did not disclose any evidence of bacterial life, but that they found evidence of an overcharge of gas which in their opinion was not due to fermentation.

Appellee Meyer Efron testified that his company had manufactured and sold the 20 cases of ginger ale and lime rickey; that after the explosion of some of the bottles was reported to him, he had had some of the bottles tested and had found that some of them contained an excessive amount of pressure, between 75 and 80 pounds; that 45 pounds was the usual and ordinary pressure to place in such bottles. It was his opinion that there was something wrong with the cane syrup his company had used in the preparation of the beverages.

In 45 Corpus Juris, Sec. 514, page 957, it is said that "One may not be guilty of negligence in exposing himself or his property to known and appreciated danger where there is some reason of necessity or propriety to justify him in so doing, or where by the exercise of care proportionate to the danger one might reasonably expect to avoid the danger, or where no other course is open, or where reasonably prudent men might differ as to the propriety of encountering it."

It is said in 45 Corpus Juris, Section 520, page 966, that "It is sufficient, however, that someone was in danger, although at the moment the effort to rescue them was made the danger was not imminent to a

definite person, and even though no danger was actually imminent, the rule is applicable to one who acts on appearances if his conduct was that of an ordinarily prudent man under the circumstances."

Again, in 45 Corpus Juris, Section 521, page 968, it is said: "Full allowance should be made for the natural impulse prompting the effort, and for the emergency under which the danger was incurred."

In Shearman and Redfield on Negligence, Revised Edition, Volume I, Section 101, page 238, it is said: "If one's safety has been endangered, by the negligent act or omission of another, and in his efforts to avert the danger he acts imprudently and is injured, he is not to be held guilty of contributory negligence, even if but for such action on his part he would not have been injured."

In the case of Temple Electric Light Co. v. Halliburton et al., Tex.Civ.App., 136 S.W. 584, 588, writ of error denied, the court in its opinion said: "Mere knowledge that a danger exists does not in all cases impute negligence to a person who voluntarily encounters it. He may be under necessity of proceeding, and the case may be such that a person exercising ordinary care might suppose that he could successfully encounter it. * * * Again, the exigency of the particular case may justify a person in thrusting himself into a danger where under ordinary circumstances his conduct would be justly deemed grossly negligent and reckless, as where he exposes himself to a known danger in an effort to save the life of another. Again, in a case of immediate and sudden danger, not produced by the neglect of the party injured, but such as might overbear the judgment of a reasonably prudent man, a mistake made in casting himself upon a danger will not be imputed to him as contributory negligence, especially where the appearance of danger which overbore his faculties was produced by the negligence of the defendant. *The true meaning of the rule, therefore, is that, in order to impute contributory negligence to a person exposing himself to a danger, he must (1) knowingly, or with negligent ignorance, (2) voluntarily, and (3) unnecessarily expose himself to it."* (Emphasis ours.)

Continuing, the Court quoting with approval from 15 Cyc. 475, said: "Contributory negligence on the part of plaintiff in an action for injury done by electricity precludes a recovery. Thus one who has notice of the dangerous condition of a wire or other electrical appliance and voluntarily brings himself in contact with it cannot hold the company for the resulting injuries. To give rise to this defense, however, it must be shown that plaintiff in coming in contact with the appliances *voluntarily* and *unnecessarily* exposed himself to danger; and, if reasonable men might honestly differ on the question, the court will not hold plaintiff guilty of contributory negligence as matter of law." (Emphasis ours.)

In overruling motion for rehearing of the application for writ of error in the Halliburton case, 104 Tex. 493, 140 S.W. 426, the Supreme Court in its opinion said: "On application for writ of error to this court, as originally submitted, we concluded that as presented to us, and in subjection and obedience to the rule which makes the judgment of the Court of Civil Appeals as to the facts binding on us, we were not justified, on the merits of the case, in interfering. True, there was, indeed, a strong showing of contributory negligence on the part of the deceased; but in view of all the facts, and particularly in view of the great and sudden emergency confronting him, we are not willing to say that, as a matter of law, he was guilty of such contributory negligence as would bar a recovery by his wife and children."

In the case of Montgomery Ward & Co., Inc., v. Levy, Tex.Civ.App., 136 S.W.2d 663, 670, error dismissed Judgment Correct, suit was brought for the recovery of damages for injuries received when a trailer sold by the defendant to plaintiff overturned because of a defective coupling, the court citing with approval the Halliburton case, supra, in its opinion said: "The trend of decisions in this State is that courts will seldom hold that, as a matter of law, facts shown constitute negligence or contributory negligence. The exceptions are mainly those in which a statutory provision is shown to have been violated proximately causing an injury, or by such acts as are

contrary to the dictates of common prudence."

In the case of McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442, the Supreme Court of this State held that the mere fact that a person may expose himself to danger will not preclude a recovery and that in order to preclude a recovery the danger must be such that a person of ordinary prudence under like circumstances would not subject himself to it, citing 28 C.J. 598; 38 C.J.S., Gas, § 44. The Court held that the mere fact that a person may participate in an operation attended by some latent danger will not render him guilty of contributory negligence as a matter of law. And that it is the established rule in this state that even where a person has knowledge, actual or imputed, of a defect, a question of fact as to negligence is presented unless it can be said, as a matter of law, that a person of ordinary care would not have incurred the risk, citing the cases of Gulf, C. & S. F. R. Co. v. Gascamp, 69 Tex. 545, 7 S.W. 227; Gulf C. & S. F. R. Co. v. Irick, Tex.Civ.App., 116 S.W.2d 1099; 30 Tex.Jur., p. 764, Par. 96; Northcutt v. Magnolia Petroleum Co., Tex. Civ.App., 90 S.W.2d 632, writ refused.

The Court in its opinion said [137 Tex. 314, 153 S.W.2d 447]: "Also under the fact detailed, the question as to the negligence of McAfee was a question for the jury. The mere fact that he knew about these leaks and knew that they constituted a dangerous condition would not, under the facts of this record, render his act of showing them to Joe Woods negligence as a matter of law."

Decisions from other jurisdictions dealing with the question of whether acts by the plaintiff in an action constitute contributory negligence as a matter of law, with few exceptions, follow the line of reasoning above outlined which has been adopted by our courts.

In the case of Rexter v. Starin, 73 N.Y. 601, it was held that where a party apprehending a collision attempted to protect his boat and was struck by a piece of timber in the resulting collision, it was plaintiff's right and duty to look to the safety of his boat and that it was for the jury to find whether the action was reasonable under the circumstances.

In the case of Wardrop v. Santi Moving & Express Co., 233 N.Y. 227, 135 N.E. 272, where plaintiff attempted to stop a large truck which was slowly moving in the direction of his automobile, plaintiff was caught between the truck and his automobile and injured, he was held to have been not guilty of contributory negligence as a matter of law.

In the case of Leavenworth Coal Co. v. Ratchford, 5 Kan.App. 150, 48 P. 927, it is held that the fact that a live wire is emitting sparks and a blaze of electric light, apparently jeopardizing the buildings of the plaintiff, will not of itself preclude the plaintiff from attempting, using ordinary prudence, to remove such wire for the purpose of relieving his property from apparent danger of a conflagration; and such an attempt made by the plaintiff will not be held, as a matter of law, to be contributory negligence; and that in such a case the plaintiff has a right to remove such live wire from his premises, using ordinary care therein; and such an attempt to remove a live wire is not ipso facto contributory negligence.

In the instant case there was, we think, sufficient evidence introduced on the trial by appellant to raise an issue of fact for the determination of the jury as to whether or not appellees were guilty of negligence in the bottling of the beverage in question. Further, we think that the act of appellant in attempting to place the bottles of beverage in the ice box after the first explosion did not constitute contributory negligence on her part as a matter of law, and that the question as to whether or not she was acting hastily under the spur of the moment with the purpose of protecting herself and her employer's customers and goods from injury and damage from additional explosions and whether her acts were such as a person of ordinary care and prudence would be likely to do under the same circumstances and in the same emergency should have been submitted for the determination by the jury.

It follows from the above conclusions that the judgment of the trial court must be reversed and the cause remanded to the trial court for another trial in order that a jury may be permitted to pass upon the questions of fact presented in the record.

Reversed and remanded.