MARIE A. LA PLANTE, as Administratrix of the Estate of JOSEPH LA PLANTE, Deceased, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 28890.)

Court of Claims, March 13, 1950.

*Albert V. Moore* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Robert J. Cooney, Jr.,* and *James G. Austin* of counsel), for defendant.

*Salvador J. Capecelatro* and *Willis D. Morgan* appearing specifically for the purposes set forth in the record.

LAMBIASE, J. This is a claim to recover damages for the wrongful death of claimant's intestate, including the reasonable expenses of medical aid, nursing care and attention incident to the injury causing death and the reasonable funeral expenses of the deceased, for the intestate's conscious pain and suffering prior to his death as a result of the fatal injuries sustained by him, and for damages to intestate's automobile truck, resulting from the alleged negligence of the State of New York, its officers, agents, and employees. Without discussing the facts herein beyond what is stated concerning them hereinafter, we conclude, as a matter of fact upon the entire record before us, that claimant's intestate was guilty of negligence, and that such negligence was a proximate cause of the accident described therein and bars recovery on all the aforesaid alleged causes of action. In arriving at that conclusion we have not been unmindful of and have given due consideration to the statutory provisions relating to the burden of proof under the circumstances herein. (Decedent Estate Law, §§ 119, 131.)

In our opinion there was no emergency established under the proof herein for, while the weather conditions prevailing at the time of the accident and for some time previous thereto had been bad, it is undisputed that after the automobile truck of the intestate became stuck in the snow which was eighteen to twenty inches deep on the roadway between the high snow banks at the point of the accident where the passageway for travel was but seven feet wide and permitted but one vehicle to go through at a time, enough time elapsed before the happening of the accident for claimant's intestate to get out of his automobile truck, to proceed to the village of West Leyden, Lewis County, New York, approximately one-half mile to the north, to return some time thereafter to the place where he had left his truck standing, to converse at or near the northern end of said passageway upon his return with one Sadlowski who, while driving his own automobile, had come upon the intestate's standing truck while the intestate was away, to re-enter said passageway between the high snow banks with said Sadlowski and with him to shovel snow and to attempt to push his automobile truck

for about fifteen or twenty minutes. We are left to conjecture as to exactly how much time the performance of these operations consumed, but the fact remains that it was only after all of them had been accomplished that claimant, in an effort to put on a chain on the right rear wheel of the truck, lay down on his left side under the rear end of his automobile truck with his head in a northerly direction and with his legs extending out from under his truck into the road to the east. While claimant's intestate was thus occupied, Sadlowski stood to one side and to the east of him. It was while claimant's deceased was in such a position that he was run into and was fatally injured and his automobile truck damaged by a snowplow which was engaged in the operation of plowing the highway at said time and place, the accident occurring, it is alleged by claimant, through the negligence of the operator of said snow plow for whose actions, claimant maintains, the State is responsible.

Under the circumstances, therefore, it seems to us that no grounds have been established for the application of "the well-settled doctrine that one placed suddenly by another in a position of peril is not to be deemed guilty of contributory negligence for a failure to exercise the best judgment in the emergency (*Buel* v. *N. Y. C. R. R. Co.*, 31 N. Y. 314; *Roll* v. *Northern Central Ry. Co.*, 15 Hun, 496; 80 N. Y. 647; *Voak* v. *Northern Central Ry. Co.*, 75 id. 320; *Coulter* v. *American Merchants' Un. Ex. Co.*, 56 id. 585; *Twomley* v. *C. P., N. & E. R. R. R. Co.*, 69 id. 158)" (*Heath* v. *Glens Falls, Sandy Hill & Ft. Edward St. R. R. Co.*, 90 Hun 560, 562), the law, under such circumstances of emergency, making allowances for mistakes and for errors of judgment which are likely to happen and not demanding the same coolness and self-possession which are required when there is no occasion for alarm and a loss of self-control. (*Lowery* v. *Manhattan Ry. Co.*, 99 N. Y. 158, 161. See, also, *Wardrop* v. *Santi Moving & Express Co.*, 233 N. Y. 227, and *Rague* v. *Staten Is. Coach Co.*, 288 N. Y. 206.)

However, assuming, but not conceding, that under the facts herein a finding of emergency be warranted, the record indicates that such an emergency was caused wholly or in part by the negligent acts and omissions of the intestate. (*Unger* v. *Belt Line Ry. Corp.*, 234 N. Y. 86; *Robinson* v. *Manhattan Ry. Co.*, 5 Misc. 209; *Ford* v. *New York City Interborough Ry. Co.*, 236 N. Y. 346; *Neumann* v. *Hudson Co. Consumers Brewing Co.*, 155 App. Div. 271.)

In the view which we have taken of this case, we do not, in this opinion, discuss the question of damages or any of the other issues herein.

Claimant's motion at S. M. 32 is granted. (*Matter of Roge* v. *Valentine*, 280 N. Y. 268, 276, motion for reargument denied, 280 N. Y. 809. See, also, *Kwiatkowski* v. *Lowry, Inc.*, 276 N. Y. 126.)

The State's motions at S. M. 179-181 and S. M. 205 and 206 are each respectively denied as are all other motions at S. M. 206 and 207. We reserve in each instance an exception to either of the parties that may feel aggrieved by our decision on these motions.

In our accompanying decision we have stated the facts which we deem essential to our determination. (Civ. Prac. Act., § 440.)

Claimant's claim must be and hereby is dismissed upon the merits.