HERBERT LIEBERTHAL, Respondent, v. DONALD W. ENGELS, Individually and Doing Business as TRADEWINDS RESTAURANT, Appellant.— In an action by the patron of a restaurant to recover damages for personal injuries, the appeal is from a judgment entered upon a jury verdict, in his favor. Judgment unanimously affirmed, with costs. At the time of the happening of the accident in question appellant maintained a business establishment in a certain building, consisting of a bar on a level below the street level and a dining room and kitchen on the floor above. A stairway connected both parts of the premises. Respondent had finished his meal and was talking with appellant's cook in the dining room when fire broke out in a pot in which potatoes were frying, unattended, on the kitchen stove. Respondent and the cook were the only persons present on the upper floor. The cook transferred the pot from the stove to the kitchen floor and procured a fire extinguisher and respondent, at the cook's request, applied the extinguisher to the fire from a point on the dining-room side of the door to the kitchen, until the fire was extinguished. By that time 'the cook had left the floor. The electric current ceased functioning, and consequently the electric fan had stopped also. The pilot light on the stove was still ignited, grease was burning on the stove, fat vapors were coming from the pot that had been burning, and the respondent, now alone on the floor, knew that when the "saturation point" was reached there would be an explosion. In order to prevent an explosion respondent ran into the kitchen and about 14 feet across that room to open the window. The window did not respond to his efforts, and he picked up a pot to break the window, but just then an explosion and flash fire occurred, burning him severely. The trial court charged the jury that respondent's exposing himself to danger in a reasonable effort to save property other than his own from harm would not be contributory negligence as a matter of law. This instruction was not erroneous (see *Wardrop* v. *Santi Moving & Express Co.*, 233 N. Y. 227; *Rague* v. *Staten Is. Coach Co.*, 288 N. Y. 206). The decision in *Alessi* v. *Kew Gardens Luncheonette* (5 A D 2d 673) should not be read as indorsing a contrary rule of law. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ.