■ In the Matter of MERVIN B. GLASSMAN, an Attorney.— Motion for reinstatement to the Bar denied, without prejudice to an application for reinstatement after July 9, 1966. Concur — Botein, P. J., Breitel, Rabin, Stevens and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. CHARLES McGREGOR.— Motion granted to the extent of amending the remittitur to recite the following: " At the argument of the appeal herein, and in the briefs of both parties, an issue under the Constitution of the United States was raised and necessarily passed upon, to wit: defendant-appellant contended that confessions allegedly rendered by him to the investigating police officers should not have been admitted into evidence at the trial because defendant-appellant had not been appraised of his right to consult with counsel and to remain silent before his confession, notwithstanding that there was no objection to the admission of said confessions into evidence. In affirming the conviction herein this Court duly considered the constitutional issues involved and rejected defendant's contentions." Concur — Botein, P. J., Breitel, Eager and Steuer, JJ.

## SECOND DEPARTMENT, JULY, 1965

## (July 6, 1965)

■ CARLSON CONSTRUCTION COMPANY, INC., Respondent, v. THERMASOL, LTD., Appellant.— In an action to recover commissions allegedly due under an exclusive franchise agreement, the defendant appeals from a judgment of the Supreme Court, Suffolk County, entered March 31, 1964 after trial, upon the verdict of a jury in plaintiff's favor. Judgment affirmed, with costs. In our opinion, the agreement was not void for lack of mutuality (cf. *Steinhilber* v. *Challenger Steel Prods. Corp.,* 9 A D 2d 695). It is also our opinion that the issue as to the meaning of the contract was properly submitted to the jury (cf. *Anchin, Block & Anchin* v. *Pennsylvania Coal & Coke Corp.,* 284 App. Div. 940, affd. 308 N. Y. 985) and that the verdict in plaintiff's favor was supported by sufficient evidence. The court's charge, in our opinion, was not inadequate. (cf. *Smith* v. *Gray,* 19 App. Div. 262, 263, affd. 162 N. Y. 643); in any event there were no exceptions thereto and reversal is not required in the interests of justice. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.