■ GREGORY TANNOR et al., Respondents, v PIERCE COACH LINE, INC., et al., Appellants, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the defendants Pierce Coach Line, Inc., Willow Bus Service Company, Inc., and Doug Garner appeal from an order of the

Supreme Court, Nassau County (Winick, J.), dated April 18, 1986, which granted the plaintiffs' motion to set aside a jury verdict in favor of the appellants and ordered a new trial.

Ordered that the order is reversed, on the facts, with costs, the motion to set aside the verdict is denied, the verdict is reinstated, and the appellants are awarded judgment in their favor and against the plaintiffs dismissing the complaint.

The infant plaintiff was injured while a passenger in a minibus operated by the defendant Garner, who, it was alleged, was an employee of the appellants. The infant plaintiff was being transported home from nursery school and was the only passenger remaining in the bus when the accident occurred. The bus came to a stop at a light and the infant fell from his seat in the front of the bus and hit his head on the engine cover.

The evidence at trial was sharply contested. The infant plaintiff testified that he sat at the front of the bus throughout the ride and fell when Garner brought the bus to a stop. He contended that he had not been wearing a seat belt and that Garner had never placed a belt on him nor had advised him to place it on himself. Garner testified that while he did not place the belt on the infant plaintiff, it was his practice to tell the children in the bus to place their belts on and that he would assist them if anyone indicated that they were having a problem. He further testified that the infant plaintiff had been sitting in the back of the bus throughout the ride, and, before he brought the bus to a stop at a traffic light, he heard footsteps behind him and turned to see the infant plaintiff in the front of the bus.

The jury returned a special verdict finding that the defendant Garner was negligent but that his negligence was not a proximate cause of the infant plaintiff's injury. The plaintiffs moved pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence. The court granted the motion on the ground that, based upon the evidence presented at the trial, the jury could not have found the defendant Garner negligent without finding his negligence to be a proximate cause of plaintiff's injury. We disagree and thus reverse.

The determination of whether to set aside a verdict as against the weight of the evidence is essentially a function of the Trial Judge (see, Nicastro v Park, 113 AD2d 129). However, this power must be exercised with caution as a successful litigant is entitled to the benefits of a favorable jury verdict and, thus, a verdict should not be set aside unless the

jury could not have reached its verdict on any " 'fair interpretation of the evidence' " *(Nicastro v Park, supra,* at 134).

Here, we conclude that the jury could have determined based upon the evidence presented at trial, that the defendant Garner was negligent in failing to ensure that the infant plaintiff was wearing a seat belt. However, it could have credited the defendant Garner's testimony that the infant plaintiff had walked up to the front of the bus and concluded that since the infant plaintiff could have removed his belt even if it had been fastened, his act of leaving his seat and not the failure to have his seat belt on had caused his injury. Thus, they could reasonably have found that the defendant Garner's negligence was not a substantial factor in bringing about the infant plaintiff's injury.

As the jury could have reached their verdict under a fair interpretation of the evidence presented at trial, the court improperly granted the plaintiffs' motion to set aside the verdict. Lawrence, J. P., Weinstein, Rubin and Kooper, JJ., concur.