■ WILLIAM BROWN, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered May 22, 1987, as, upon a jury verdict, is in favor of the defendant City of New York and against him.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the City of New York and the individual defendants to recover damages for serious personal injuries he sustained on August 14, 1979, when the motorcycle he was operating and a car driven by the defendant Sylvester and owned by the defendant Bristol collided in the intersection of East 94th Street and Winthrop

Street in Brooklyn. At the time of the accident, a stop sign posted at the northwest corner of the intersection was missing. The plaintiff sought to impose liability upon the city for negligently performing its duty to maintain its stop sign in a proper position. At the close of the trial, the jury returned a special verdict, finding both drivers negligent, apportioning the plaintiff's contributory negligence at 40%, and awarding damages in the sum of $950,000. The action against the city was dismissed upon the jury's finding that the city was not negligent.

On appeal, the plaintiff contends that the Trial Judge erred in denying his motion pursuant to CPLR 4404 (a) to set aside the jury's verdict in favor of the city as against the weight of the evidence. We disagree.

A jury verdict in favor of a defendant should not be set aside unless the jury could not have reached the verdict on any fair interpretation of the evidence (see, Tannor v Pierce Coach Line, 131 AD2d 658, 659; Hoynacki v Cummings, 127 AD2d 941, 942; Nicastro v Park, 113 AD2d 129, 134). No evidence was adduced at trial to show that a municipal employee caused the defect or that the city had actual notice that the stop sign was missing. Based upon the speculative and contradictory testimony presented at the trial as to the duration of time the stop sign had been missing, the jury could have determined that the city did not have constructive notice of the defect for a period of time sufficient to permit replacement of the sign. The plaintiff had the burden of proving this essential element of his cause of action by a preponderance of the evidence. Accordingly, the trial court properly denied the plaintiff's motion to set aside the verdict, as the jury could have reached their finding that the city was not negligent under a fair interpretation of the evidence presented at the trial.

The failure of the trial court to marshal the evidence in its charge does not mandate a reversal and a new trial. No request was made to marshal the evidence, nor was an exception taken to the failure to do so. Thus, the issue is not preserved for appellate review (see, CPLR 4110-b; Sutton v Piasecki Trucking, 88 AD2d 617, affd 59 NY2d 800). In any event, the failure to marshal the evidence did not prejudice the plaintiff, where, as here, the case was straightforward, the issues were simple, and the law applicable to the case was fully stated in the charge (see, Green v Meyer, 114 AD2d 352; Smith v Gray, 19 App Div 262, 263, affd 162 NY 643; see also,

*Rexter v Starin,* 73 NY 601). Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.