■ NORMAN K. YAVER et al., Respondents, v JOSEPH M. GOFUS, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Brucia, J.), dated May 13, 1988, which granted the plaintiffs' motion pursuant to CPLR 4404 to set aside the jury verdict which was in favor of the defendant on the issue of liability and ordered a new trial on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion to set aside the verdict is denied, the verdict is reinstated and the defendant is awarded judgment in his favor and against the plaintiffs dismissing the complaint.

The plaintiff Norman K. Yaver (hereinafter Yaver) was

injured when the car he was driving southbound on Merrick Avenue collided with the car driven by the defendant at the intersection of Merrick Avenue and Sunrise Highway. The issue of which party had the green light and the right-of-way was sharply contested at trial. However, it was uncontroverted that the defendant, driving westbound on Sunrise Highway, did not see Yaver's car until just before the accident occurred, if at all, and that the defendant was traveling at least 40 miles per hour. Further, the credible evidence established that the accident occurred from 2 to 5 seconds after Yaver's car started to move.

Although the determination of whether to set aside a verdict as against the weight of the evidence is essentially a function of the Trial Judge, a jury verdict should not be set aside unless the jury could not have reached its verdict on "any fair interpretation of the evidence" *(Nicastro v Park,* 113 AD2d 129, 134). Here, we conclude that the jury could have determined that the defendant was negligent for failing to observe Yaver slow down before entering the intersection. However, it could also have credited the testimony of independent witnesses that the defendant had only 2 to 5 seconds to react to Yaver running the red light, and concluded that this time interval was too short for the defendant's negligence to be a substantial factor in bringing about Yaver's injury *(see generally, Tannor v Pierce Coach Line,* 131 AD2d 658, 660). Because the jury could have reached its verdict under a fair interpretation of the evidence presented at trial, the court improperly granted the plaintiffs' motion to set it aside. Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.