■ ANTONIO CRUZ, Respondent, v LONG ISLAND RAIL ROAD COMPANY, Appellant. [803 NYS2d 91]—

Motion by the appellant for leave to reargue an appeal from a judgment of the Supreme Court, Queens County, dated July 15, 2003, which was determined by decision and order of this Court dated April 11, 2005, and separate motion by the appellant, inter alia, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motions and the papers filed in opposition thereto, it is

Ordered that the motion, inter alia, for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the motion for reargument is granted, upon reargument, the decision and order of this Court dated April 11, 2005 [17 AD3d 397], is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries pursuant to the Federal Employers' Liability Act (45 USC § 51 *et seq.*), the defendant appeals from a judgment of the Supreme Court, Queens County (Hart, J.), dated July 15, 2003, which, upon a jury verdict on the issue of liability finding it 80% at fault in the happening of the accident and the plaintiff 20% at fault, and upon a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sums of $168,406 for past economic damages, $125,862 for future lost wages, $45,200 for past medical expenses, $1,386,000 for future medical expenses, $10,000,000 for past pain and suffering, and $18,000,000 for future pain and suffering, and upon the granting of the plaintiff's motion pursuant to CPLR 4404 (a) to set aside so much of the verdict on the issue of liability as found him 20% at fault, found it 100% at fault in the happening of the accident and is in favor of the plaintiff and against it in the principal sum of $29,725,468.

Ordered that the judgment is modified, on the law, the facts, and as an exercise of discretion, by (1) deleting the provision thereof finding the defendant 100% at fault in the happening of the accident and substituting therefor a provision finding the plaintiff 20% at fault and the defendant 80% at fault, and (2) deleting the provisions thereof awarding the plaintiff damages for past and future pain and suffering and substituting therefor

a provision granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the defendant, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside so much of the verdict as found him 20% at fault is denied, and a new trial is granted on the issue of damages for past and future pain and suffering only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file with the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $10,000,000 to the sum of $3,000,000, and for future pain and suffering from the sum of $18,000,000 to the sum of $9,000,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

On February 17, 2000, the plaintiff, Antonio Cruz, while working in the course of his employment for the defendant, Long Island Rail Road Company, as a substation foreman, fell approximately 10 to 15 feet from the top of an unprotected transformer, after hitting his head on an overhead low-clearance steel I-beam. He sustained numerous injuries, including a burst fracture of his spine at T12, L1, resulting in, inter alia, permanent paraplegia and chronic pain.

During the liability phase of the trial, the trial court instructed the jurors that the plaintiff claimed that the defendant violated various regulations under the United States Occupational Safety and Health Act (hereinafter OSHA), and that if they found that the defendant violated one or more of these regulations, they may consider that violation as some evidence of negligence along with the other evidence in the case.

At the conclusion of the liability phase of the trial, the jury returned a verdict finding, inter alia, that the plaintiff was 20% at fault in the happening of the accident. The trial court then granted the plaintiff's motion to set aside that portion of the verdict. Thereafter, the damages phase of this action was tried to a conclusion and judgment was entered in favor of the plaintiff and against the defendant. The defendant appeals.

The defendant's contention that the subject OSHA regulations were improperly submitted to the jurors for their consideration is without merit. A violation of a safety regulation may be considered as some evidence of negligence (*see Bauer v Female Academy of Sacred Heart*, 97 NY2d 445, 453 [2002]). This action was brought pursuant to the Federal Employers' Liability Act (hereinafter FELA), which "wholly preempts State-

law remedies for railway employees injured in the course of employment" (*Ganci v Port Auth. Trans-Hudson Corp.,* 258 AD2d 386 [1999]). As such, an OSHA violation is properly admissible as evidence of negligence (*id.*). Further, there is evidence in the record to support a finding that the OSHA regulations at issue were not only applicable to the facts presented, but were in fact violated by the defendant (*see generally Rivera v Americo,* 9 AD3d 356 [2004]; *Gamar v Gamar,* 114 AD2d 487, 489 [1985]).

While we agree with the defendant that the trial court erred in not permitting it to submit evidence of a prior conviction against the plaintiff for impeachment purposes (*see Scotto v Daddario,* 235 AD2d 470 [1997]), under the facts of this case, the error was "harmless as it did not substantially prejudice the defendant's case" (*Burton v New York City Hous. Auth.,* 191 AD2d 669, 671 [1993]).

However, the trial court erred in granting the plaintiff's motion to set aside so much of the verdict as found him 20% at fault in the happening of the accident. There was proof from which the jury could have found that the plaintiff was also negligent in his actions and that his negligence was also a proximate cause of the accident which caused his injuries. Thus, since there was a valid line of reasoning and permissible inferences which could possibly lead a rational person to the conclusion reached by the jury on the basis of the evidence presented at trial, its verdict finding him 20% at fault should not have been set aside (*see* CPLR 4404 [a]; *Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Burgos v Lovell Realty,* 229 AD2d 558 [1996]; *Brown v City of New York,* 154 AD2d 325 [1989]).

Furthermore, the sums awarded for past and future pain and suffering "shock the judicial conscience," and therefore are excessive to the extent indicated herein under the applicable federal standard of review for damages awards in FELA cases (*see generally Monessen Southwestern R. Co. v Morgan,* 486 US 330, 335 [1988]; *Hotaling v CSX Transp.,* 5 AD3d 964, 970 [2004]; *Barrowman v Niagara Mohawk Power Corp.,* 252 AD2d 946, 948 [1998]; *Gonzalez v Rosenberg,* 247 AD2d 337 [1998]; *Poole v Consolidated Rail Corp.,* 242 AD2d 966 [1997]; *Walsh v State of New York,* 232 AD2d 939, 940 [1996]; *Harvey v Mazal Am. Partners,* 179 AD2d 1, 4-6 [1992]; *Frazier v Norfolk & Western Ry. Co.,* 996 F2d 922, 925-926 [1993]; *Scala v Moore McCormack Lines, Inc.,* 985 F2d 680, 683-684 [1993]; *Bean v CSX Transp.,* 289 F Supp 2d 277, 283 [2003]).

The defendant's remaining contentions either are unpreserved for appellate review or are without merit. Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur.