LINWOOD HEISTON, Respondent, v. CHARLES TAYLOR, Defendant, and JOHN H. DOERR et al., Appellants. MILDRED HEISTON, Respondent, v. CHARLES TAYLOR, Defendant, and JOHN H. DOERR et al., Appellants.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: The court erred when it ruled that the three defendants were limited to a community of six challenges in drawing the jury. There was no community of interest between appellants Doerr and Shenk and defendant Taylor (who did not appeal). Their interests are hostile and antagonistic to the interests of Taylor, and appellants should have been permitted to exercise six challenges independent of Taylor's six. Whether or not this error in and of itself would be sufficient to compel a reversal of the judgment under the facts in this case, we need not decide as the record discloses other reasons for reversal. The jury either failed to understand or ignored the rules of law under which they were to decide the issues as they interrupted their deliberations to ask the court: "whether the defendants are both covered by insurance and in what amounts?" While the court properly instructed them that they should not consider that question, the question itself tends to show that the jury had taken into consideration matters entirely foreign to the issues submitted to them. The defendant Taylor had pleaded guilty to driving through the red light at the intersection. The proof of the disinterested witnesses was that the signal had turned red against Taylor's car when it was at least one hundred feet from the intersection and that there was an interval of amber before the red. His plea of guilty was evidence of the fact that he "ran the red light." We think the verdicts of the

jury, as against these appellants, were against the weight of evidence and in view of all these circumstances the interests of justice require a new trial. All concur. (Appeal by defendants Doerr and Shenk from a judgment for plaintiffs in an automobile negligence action. The order denied a motion for a mistrial and to set aside the verdict and for a new trial.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.