■    JOSEPH ENEA, Respondent, v. KUHN, SMITH & HARRIS, INC., Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Queens County, entered November 17, 1971, in favor of plaintiff, upon successive jury verdicts after a split trial, i.e., separately on the issues of liability and damages. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were presented on this appeal. Plaintiff, an iron worker, was standing on top of an uncompleted brick wall, waiting for a steel beam to be lifted near to him by crane so that he could guide the beam into a recess or well in the wall left by the bricklayers for such purpose. As he reached for the beam, a brick from underneath his left foot gave way and he fell and was injured. He was employed by the subcontractor for the erection of the structural steel. It was stipulated that defendant was the general contractor and that, in addition, defendant did all the bricklaying for the building under construction. The case was submitted to the jury as to defendant's possible liability to plaintiff for allegedly failing to exercise reasonable care in its bricklaying to avoid the creation of a dangerous condition to other employees (*Soderman* v. *Stone Bar Assoc.,* 3 A D 2d 680) and upon defendant's possible liability as a general contractor under section 200 of the Labor Law. In our opinion, Trial Term erred in charging section 200 of the Labor Law under the facts in this case. One of the prerequisites to the application of that section is that the place where the accident occurred must have been either "a place of work" provided by the defendant for use by the plaintiff in the performance of his employer's work or a "way of approach to such place" (*Butler* v. *D. M. W. Contr. Co.,* 286 App. Div. 828, affd. 309 N. Y. 990; see, also, *Iancono* v. *Frank & Frank Contr. Co.,* 259 N. Y. 377). The record in this case is completely devoid of any such proof. Since we cannot know upon which theory the jury rendered its verdict in plaintiff's favor, a new trial is necessary. Finally, we note in passing that, although no exception was taken, there was a failure by the trial court, in charging the jury, "to discuss the evidence and to relate to it the principles of law that were charged" (*Green* v. *Downs,* 27 N Y 2d 205, 208). Munder, Acting P. J., Martuscello, Latham, Gulotta and Christ, JJ., concur.