■ NANCY GAMAR Individually and as Mother and Natural Guardian of NICOLE GAMAR and Others, Infants, Appellant, v REGINALD GAMAR et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiff appeals from a judgment of the Supreme Court, Kings County (Jordan, J.), entered July 3, 1984, which, upon a jury verdict, was against them and in favor of the defendants.

Judgment reversed, on the law, and new trial granted, with costs to abide the event.

Defendant Gamar testified at trial that he was traveling north on Hillcrest Avenue and had a stop sign facing him as he approached the intersection with Wiman Avenue on Staten Island. When he applied his brakes, the pedal went to the floor. He pumped the brakes several times with no response,

and the car continued into the intersection where he swerved to avoid a Volkswagen already in the intersection and then was struck by defendant Detaranto who was traveling west on Wiman Avenue. There were no stop signs for the traffic traveling on Wiman Avenue at this intersection. Gamar also testified he had serviced his brakes when needed and that the brakes had worked properly at two intersections before the one with Wiman Avenue.

Plaintiffs are defendant Gamar's three daughters who were riding with him and sustained injuries during the accident, and his former wife, who seeks compensation for loss of services and medical expenses for her daughters. The jury returned a verdict in favor of both defendants after the liability portion of this bifurcated trial. Plaintiffs allege, *inter alia*, that the Trial Judge erred in his instructions to the jury (a) in not properly informing them that a violation of certain statutes charged would be negligence, (b) in failing to charge them that defendant Gamar's passing through the intersection without stopping was enough to make out a prima facie case of his negligence, and (c) in failing to charge the jury as to certain statutes and regulations relevant to defendant Detaranto's speed.

The Trial Judge read the jury the substance of three applicable sections of the Vehicle and Traffic Law, namely, sections 375, 1142 and 1172. While the unexcused violation of a traffic statute is negligence *(Martin v Herzog,* 228 NY 164), the Judge gave this instruction only with reference to section 375. As to the other two statutes claimed to have been violated, there was no instruction as to section 1142, and an incorrect instruction in reference to the violation of section 1172. In addition, when summarizing the instructions on statutory care, the court incorrectly stated the standard applicable to a statutory violation, and instructed the jury as to violations of ordinances and regulations, none of which was read to the jury. Those portions of the charge were incorrect and confusing and constituted error.

Defendant Gamar admits he failed to stop at the stop sign, thereby resulting in the accident. While the unexpected brake failure to which defendant Gamar testified might excuse his statutory violation *(Stanisz v Tsimis,* 96 AD2d 838), plaintiffs were entitled to a specific instruction that where a traffic statute violation occurs, the jury could infer from that fact, and from that fact alone, that the defendant driver was negligent *(Martin v Herzog, supra; Boyd v Blessey,* 96 AD2d 816; *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132).

The court's failure to give this requested instruction was error.

Plaintiffs also contend the Judge should have instructed the jury on New York City Traffic Regulations § 60, which provides that no vehicle shall travel over 30 miles per hour unless otherwise posted, and Vehicle and Traffic Law § 1180 which provides that a person operating a car must travel at a speed reasonable and prudent under the road conditions then and there existing. A statute or regulation should be charged where there is evidence in the record to support a finding that the statute was violated *(Wilmot v City of New York,* 73 AD2d 201) and the statute or regulation is applicable to the facts presented *(Enea v Kuhn, Smith & Harris,* 39 AD2d 908).

Here defendant Detaranto testified that she was traveling at about 30 to 35 miles per hour on Wiman Avenue but that she slowed to 25 to 30 miles per hour as she approached the intersection. The record reveals conflicting testimony as to how far, if at all, the two vehicles were moved by the force of the impact. In addition, at several points during the charge, the Trial Judge referred to defendant Detaranto's speed. Defendant Detaranto admitted that at some point she was possibly violating New York City Traffic Regulations § 60, thus that regulation was applicable to the facts, and it was error for the Trial Judge to refuse to instruct the jury with respect thereto. However, the Trial Judge correctly charged the substance of Vehicle and Traffic Law § 1180 in two instances, although not mentioning the section number, and there was no error in these instructions. Bracken, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.