■ CATHERINE CRANSTON, Respondent, v OXFORD RESOURCES CORP. et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants separately appeal from (1) a judgment of the Supreme Court, Kings County (Cohen, J.), entered July 29, 1988, and (2) so much of an amended judgment of the same court, entered November 9, 1988, as, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $1,526,500, and Esther Dancour further appeals from so much of the amended judgment as is in favor of Oxford Resources Corp. and against her on its cross claim for the full amount of the plaintiff's recovery.

Ordered that the appeal from the judgment is dismissed, as it was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable by the defendants.

On July 17, 1985, at approximately 5:30 P.M., the 22-year-old plaintiff was involved in an accident when a car, driven by the defendant Esther Dancour, collided with the plaintiff as she peddled her bicycle across Avenue U in Brooklyn, New York.

The plaintiff sustained severe injuries to her right leg. The plaintiff commenced this action against Esther Dancour, the driver of the car, and Oxford Resources Corp. (hereinafter Oxford), the company which owned the car.

The jury found Esther Dancour 100% at fault in the happening of the accident, and returned the following verdict on damages: $500,000 for past pain and suffering, $350,000 for future pain and suffering, $51,000 for past lost earnings, and $625,500 for future lost earnings. Both Esther Dancour and Oxford appeal from this judgment.

The defendants contend that the jury's verdict for lost earnings (past and future) cannot stand since it is based entirely on speculation. The record reveals that the plaintiff had taken the necessary steps toward joining the New York City Police Department prior to the accident and that the jury's verdict is based upon this information. The evidence presented showed that the plaintiff had passed the medical, written and psychological examinations given by the police department and was tentatively scheduled to enter the January 1986 class at the Police Academy. The accident occurred subsequent to the plaintiff's passing of these examinations but prior to the final "mini-medical" examination. This final medical examination was the last step before admission into the Police Academy upon which admission the applicant is placed on the police department's payroll. Due to the injuries the plaintiff received in the accident, the plaintiff was found medically unfit at this "mini-medical" examination. Given the fact that the plaintiff had taken all of the steps necessary to become a police officer, we find that the jury's verdict concerning lost earnings (past and future) was not based on speculative evidence (cf., Naveja v Hillcrest Gen. Hosp., 148 AD2d 429).

Further, we find that since the defendants were not prejudiced by the plaintiff's mid-trial motion to increase the ad damnum clause from $1,000,000 to $2,000,000, the trial court did not improvidently exercise its discretion in granting the motion (see, Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18).

The defendants contend that the trial court committed reversible error when it declined to charge the jury regarding the plaintiff's violation of Vehicle and Traffic Law § 1236 (b) which requires a bicycle to be equipped with a bell. Assuming, arguendo, that the trial court did err in declining to charge the statutory violation, the error would not warrant reversal

since no reasonable view of the evidence could support the conclusion that the lack of a bell on the plaintiff's bicycle was a proximate cause of the accident *(see, Codero v City of New York,* 112 AD2d 914). The testimony at trial revealed that the plaintiff did not see the defendants' car prior to impact, and therefore the lack of a bell on the plaintiff's bicycle was basically irrelevant to the issues presented at the trial.

The defendants' general contention that the verdict was grossly excessive is not persuasive. The record reveals that the plaintiff had a comminuted fracture of the tibia and fibula and now has a permanent partial disability due to the injuries suffered in the accident. She has had four operations on her right leg and will have to undergo a fifth in the future to have the metal plates and pins removed from her calf once the bone mends. She will continue to experience swelling and pain in her leg, and will not be able to engage in the same level of athletic activity that she participated in prior to the accident. Thus, we do not consider the verdict excessive *(see, Warmsley v City of New York,* 89 AD2d 982; *Venable v New York City Tr. Auth.,* 165 AD2d 871).

Oxford's contention concerning the trial court's ruling that Oxford's counsel could not actively participate in the trial is not properly preserved for appellate review and we decline to reach it in the interest of justice. Furthermore, we have reviewed the defendants' remaining contention regarding the reading back of trial testimony to the jury and find it to be without merit. Bracken, J. P., Brown, O'Brien and Ritter, JJ., concur.