OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
In this action primarily among insurers to apportion liability for a $1.75 million settlement in a personal injury action, we agree with the Appellate Division that the $1 million business auto policy issued to Mirage Enterprises provides excess coverage. Regardless of the finding below that the driver of the truck was a "special employee” of Mirage, the court correctly concluded that the vehicle was not owned, rented or used by Mirage, and thus did not trigger primary coverage under the policy. The $1 million policy issued to Ryder Truck Rental and the $500,000 policy issued to Erie Transfer Company, each providing primary coverage, apply in full to the settlement. The Appellate Division properly remitted the case to the trial court for apportionment of the remaining $250,000 among the excess insurers.
We note, moreover, that while the Appellate Division properly applied Pennsylvania Gen. Ins. Co. v Austin Powder Co. (68 NY2d 465) to bar subrogation by insurers against their own insureds in this case, we do not pass upon the applicabil *913 ity of Pennsylvania Gen. to a declaratory judgment action solely for apportionment of liability among insurers.
Chief Judge Kaye and Judges Simons, Bellacosa, Levine and Ciparick concur in memorandum; Judges Titone and Smith taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, etc.