■ WALTER J. KOPERDA et al., Appellants, v TOWN OF WHITESTOWN et al., Defendants, and VILLAGE OF WHITESBORO et al., Respondents. (Appeal No. 1.) [637 NYS2d 899] —Judgment unanimously affirmed without costs. Memorandum: In this multi-party action, plaintiffs appeal from four judgments and two orders entered upon a verdict of no cause for action against any defendant. Plaintiffs contend that Supreme Court abused its discretion in denying their request for additional peremptory challenges; that bifurcation of the issues of liability and damages was an abuse of discretion; that the court erred in failing to instruct the jury in accordance with plaintiffs' requests; that the verdict is against the weight of the evidence; that the court improperly allowed notetaking by the jury foreperson; that the verdict sheet was confusing and erroneous; that the negligence of the municipal defendants was a concurrent cause of the accident; that the court erred in excluding a demonstrative exhibit offered by plaintiffs; and that the court erred in refusing to include certain exhibits in the record on appeal.

The court did not err in limiting each party to three peremptory challenges (see, CPLR 4109). The court need not equalize the number of peremptory challenges between plaintiff and multiple defendants unless the multiple defendants are so united in interest that they may be considered a single party (see, Heiston v Taylor, 281 App Div 800; Cadwalader, Wickersham & Taft v Associated Bldrs. & Owners, 125 Misc 2d 827, 829-830). Here, defendants were not united in interest.

The court did not abuse its discretion in bifurcating the trial. The issues of liability and damages were not so intertwined that the court was precluded from trying the issue of liability first (see, Polimeni v Bubka, 161 AD2d 568, 569; 22 NYCRR 202.42 [a], [b]; cf., Hampton Hgts. Dev. Corp. v Board of Water Supply, 140 AD2d 959).

The court did not err in rejecting plaintiffs' requests to charge the duty of a municipality with respect to its roads, the

"danger invites rescue" doctrine, or the liability of a participant in a joint enterprise. The court's failure to grant plaintiffs' other request to charge, that a violation of Vehicle and Traffic Law § 1163 (e) constitutes negligence per se, was rendered harmless by the lack of proof of causation. The evidence establishes that Wolkowicz saw the disabled vehicles 580 feet away when she came over a hill, but was unable to stop her vehicle because of the ice. In any event, the court adequately informed the jury that O'Leary and Schaeffer may have had a duty to use their emergency flashers in the exercise of reasonable care.

The verdict is not against the weight of the evidence *(see, Kuncio v Millard Fillmore Hosp.,* 117 AD2d 975, 976, *lv denied* 68 NY2d 608; *Nicastro v Park,* 113 AD2d 129, 134). A fair interpretation of the evidence supports the jury's conclusion that Officer Colburn was not negligent in his response to the accident. Moreover, a fair interpretation of the evidence supports the conclusion that Wolkowicz was not operating her vehicle in an imprudent manner or at an imprudent speed, and did not fail to keep a proper lookout, but rather lost control of her vehicle under unforeseeably treacherous driving conditions.

The court did not abuse its discretion in allowing the jury foreperson to take notes on the supplemental charge *(see, People v Tucker,* 77 NY2d 861, 862; *People v DiLuca,* 85 AD2d 439, 445). In any event, plaintiffs waived any claim of prejudice by refusing the court's offer of cautionary instructions.

The verdict sheet, to which no objection was made, was not erroneous or confusing. The court properly determined as a matter of law that Officer Colburn was acting as an employee of the Village and properly submitted to the jury the issue whether the officer was acting as a special employee of the Town. Moreover, the verdict sheet properly asked whether defendants' negligence was the "proximate cause of the accident which resulted in injury to the plaintiff" *(see, Berthoumieux v We Try Harder,* 170 AD2d 248, 249). Contrary to plaintiffs' contention, we conclude that the failure of the jury to allocate percentages of responsibility does not reflect confusion on its part. Because the jury found that none of the defendants was negligent, there was no fault to allocate.

We have considered plaintiffs' remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—Negligence.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.