"danger invites rescue" doctrine, or the liability of a participant in a joint enterprise. The court's failure to grant plaintiffs' other request to charge, that a violation of Vehicle and Traffic Law § 1163 (e) constitutes negligence per se, was rendered harmless by the lack of proof of causation. The evidence establishes that Wolkowicz saw the disabled vehicles 580 feet away when she came over a hill, but was unable to stop her vehicle because of the ice. In any event, the court adequately informed the jury that O'Leary and Schaeffer may have had a duty to use their emergency flashers in the exercise of reasonable care.

The verdict is not against the weight of the evidence (see, Kuncio v Millard Fillmore Hosp., 117 AD2d 975, 976, lv denied 68 NY2d 608; Nicastro v Park, 113 AD2d 129, 134). A fair interpretation of the evidence supports the jury's conclusion that Officer Colburn was not negligent in his response to the accident. Moreover, a fair interpretation of the evidence supports the conclusion that Wolkowicz was not operating her vehicle in an imprudent manner or at an imprudent speed, and did not fail to keep a proper lookout, but rather lost control of her vehicle under unforeseeably treacherous driving conditions.

The court did not abuse its discretion in allowing the jury foreperson to take notes on the supplemental charge (see, People v Tucker, 77 NY2d 861, 862; People v DiLuca, 85 AD2d 439, 445). In any event, plaintiffs waived any claim of prejudice by refusing the court's offer of cautionary instructions.

The verdict sheet, to which no objection was made, was not erroneous or confusing. The court properly determined as a matter of law that Officer Colburn was acting as an employee of the Village and properly submitted to the jury the issue whether the officer was acting as a special employee of the Town. Moreover, the verdict sheet properly asked whether defendants' negligence was the "proximate cause of the accident which resulted in injury to the plaintiff" (see, Berthoumieux v We Try Harder, 170 AD2d 248, 249). Contrary to plaintiffs' contention, we conclude that the failure of the jury to allocate percentages of responsibility does not reflect confusion on its part. Because the jury found that none of the defendants was negligent, there was no fault to allocate.

We have considered plaintiffs' remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—Negligence.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.

■ WALTER J. KOPERDA et al., Plaintiffs, v TOWN OF WHITESTOWN et al., Defendants. WALTER J. KOPERDA et al., Appel-

lants, v PATRICIA A. SHAEFFER et al., Defendants, and THEA A. WOLKOWICZ et al., Respondents. (Appeal No. 2.) [638 NYS2d 379] —Judgment unanimously affirmed without costs. Same Memorandum as in *Koperda v Town of Whitestown* ([appeal No. 1] 224 AD2d 944 [decided herewith]). (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—Negligence.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.

■ WALTER J. KOPERDA et al., Plaintiffs, v TOWN OF WHITESTOWN et al., Defendants. WALTER J. KOPERDA et al., Appellants, v PATRICIA A. SHAEFFER et al., Defendants, and ALISON M. O'LEARY et al., Respondents. (Appeal No. 3.) [638 NYS2d 367] —Judgment unanimously affirmed without costs. Same Memorandum as in *Koperda v Town of Whitestown* ([appeal No. 1] 224 AD2d 944 [decided herewith]). (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—Negligence.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.

■ WALTER J. KOPERDA et al., Appellants, v TOWN OF WHITESTOWN et al., Respondents, et al., Defendants. (Appeal No. 4.) [638 NYS2d 369] —Judgment unanimously affirmed without costs. Same Memorandum as in ·*Koperda v Town of Whitestown* ([appeal No. 1] 224 AD2d 944 [decided herewith]). (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—Negligence.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.

■ WALTER J. KOPERDA et al., Appellants, v TOWN OF WHITESTOWN et al., Respondents. WALTER J. KOPERDA et al., Appellants, v PATRICIA A. SHAEFFER et al., Defendants, and THEA A. WOLKOWICZ et al., Respondents. (Appeal No. 5.) [638 NYS2d 370] —Appeal unanimously dismissed without costs *(see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Set Aside Verdict.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.

■ WALTER J. KOPERDA et al., Appellants, v TOWN OF WHITESTOWN et al., Respondents. WALTER J. KOPERDA et al., Appellants, v PATRICIA A. SHAEFFER et al., Defendants, and THEA A. WOLKOWICZ et al., Respondents. (Appeal No. 6.) [638 NYS2d 370] —Order unanimously affirmed without costs. Same Memorandum as in *Koperda v Town of Whitestown* ([appeal No. 1] 224 AD2d 944 [decided herewith]). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Settle Record on Appeal.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.