■ LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v AETNA CASUALTY & SURETY COMPANY et al., Appellants, et al., Defendants. [652 NYS2d 764] —In an action for a judgment declaring the obligations of four insurance companies with respect to an accident which was the subject of an action to recover damages for personal injuries, entitled *Cranston v Oxford Resources Corp.* (173 AD2d 757), the defendant Aetna Casualty & Surety Company appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Huttner, J.), dated November 28, 1995, as granted the plaintiff's motion for summary judgment and denied the cross motion by Aetna Casualty & Surety Company for summary judgment, and the defendant INA Insurance Company separately appeals from so much of the same order and judgment as granted the plaintiff's motion for summary judgment and denied the cross motion by INA Insurance Company for summary judgment.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment by the plaintiff is denied, the respective cross motions for summary judgment by the defendants Aetna Casualty & Surety Company and INA Insurance Company are granted, and it is declared that Aetna Casualty & Surety Company and INA Insurance Company have no duty to indemnify or reimburse the plaintiff for any money it paid to partially satisfy the judgment in *Cranston v Oxford Resources Corp.* (173 AD2d 757, *supra*).

In this declaratory judgment action, the plaintiff Liberty Mutual Insurance Company (hereinafter Liberty) moved for summary judgment seeking enforcement of this Court's prior order dated May 31, 1991, which, *inter alia,* remitted the matter to the Supreme Court, Kings County, for additional discovery and further proceedings to determine coverage in the underlying personal injury action *(see, Liberty Mut. Ins.*

*Co. v Aetna Cas. & Sur. Co.,* 168 AD2d 121). The defendant Aetna Casualty & Surety Company (hereinafter Aetna) cross-moved for summary judgment declaring that it has no obligation to indemnify or reimburse Liberty for any money paid by Liberty to partially satisfy the judgment against Oxford Resources, Inc., and/or Esther Dancour in the underlying personal injury action *(see, Cranston v Oxford Resources Corp.,* 173 AD2d 757, *supra).* The defendant INA Insurance Company (hereinafter INA) also cross-moved for summary judgment declaring that the action against it be dismissed.

The underlying personal injury action resulted in a verdict for the plaintiff, Catherine Cranston, of $1,526,000 for injuries she sustained when she was struck by a vehicle operated by Esther Dancour. The motor vehicle involved was owned by Oxford Resources Corp. (hereinafter Oxford) and leased to Manny's Kiddie Shop (hereinafter Manny's), a business owned and operated by Esther Dancour and her husband Morris Dancour.

The main issue presented in this declaratory judgment action is the priority of the various insurance policies issued to the defendants in the underlying personal injury action for payment of the judgment in that action. The leased vehicle driven by Esther Dancour and owned by Oxford was covered by a policy issued by Liberty which provided $100,000 coverage for the lessee, Manny's, under the "step down" endorsement, and $1 million coverage for Oxford. Aetna provided $1 million coverage for Manny's pursuant to a Business Owners policy. INA issued a personal excess liability policy to Morris Dancour which provided coverage of $2 million for the driver, Esther Dancour. Liberty conceded that it was bound to pay $100,000 toward the satisfaction of the judgment on behalf of Ms. Dancour.

Liberty moved for summary judgment as to the rights and obligations of the various carriers. By order dated February 16, 1989, the Supreme Court, Kings County (Huttner, J.), directed Liberty to pay $1,100,000 toward satisfaction of the judgment, and directed Aetna to pay the remainder. On appeal, this Court modified the order and remitted the matter for additional discovery and further proceedings to determine coverage in the underlying personal injury action *(Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co.,* 168 AD2d 121, *supra).* This Court held that if Esther Dancour was found to be operating the vehicle in the course of her employment by Manny's, then $100,000 in coverage provided in the "step down" clause of the Liberty policy issued to Oxford was available, with the next layer of coverage of up to $1,000,000 provided for by Aetna, followed by INA's policy.

Upon remittitur, the depositions of Esther and Morris Dancour were held. Esther Dancour testified as to facts establishing, as a matter of law, that the accident occurred while she was operating the vehicle during the course of her employment. Meanwhile, Liberty, Aetna, and INA satisfied the underlying judgment, with Liberty paying its entire policy limit of $1 million plus interest, and Aetna and INA paying the balance. Liberty then moved for summary judgment in this declaratory judgment action and Aetna and INA cross moved for summary judgment. In support of their cross motions for summary judgment, Aetna and INA argued that in light of the recent Court of Appeals cases entitled *North Star Reins. Corp. v Continental Ins. Co.* (82 NY2d 281) and *Federal Ins. Co. v Ryder Truck Rental* (82 NY2d 909), this Court's 1991 decision, which set forth the priority of coverage, was no longer applicable. INA noted that the *North Star* and *Federal Ins.* cases held that the "antisubrogation rule" is applicable to situations comparable to the present case.

The Supreme Court granted Liberty's motion for summary judgment and denied the cross motions by Aetna and INA. The Supreme Court reasoned that although it believed that the recent decisions by the Court of Appeals would affect the ultimate outcome of this case if applied, it was constrained by the law of the case doctrine to enforce this Court's prior decision. Aetna and INA appealed from this order.

The law of the case doctrine does not preclude this Court from reconsidering its prior decision *(see, Foley v Roche, 86 AD2d 887)*. In that decision *(Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co., 168 AD2d 121, supra)*, this Court concluded, *inter alia,* that the antisubrogation rule set forth in *Pennsylvania Gen. Ins. Co. v Austin Powder Co.* (68 NY2d 465) was not applicable to the present case because this case was an action for a declaratory judgment and not a subrogation case. In other words, at that point in the proceeding, since the underlying judgment had not been satisfied, Liberty's alleged right to subrogation had not accrued *(see, North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 295, supra; Federal Ins. Co. v Ryder Truck Rental, 82 NY2d 909, 912-913, supra; Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 469, supra)*.

In *North Star Reins. Corp. v Continental Ins. Co. (supra)* and *Federal Ins. v Ryder Truck Rental (supra)*, the Court of Appeals reiterated the "antisubrogation rule", whereby an insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered. The Court of Appeals reaffirmed that public policy

requires the existence of the antisubrogation rule to prevent the insurer from passing the incidence of loss to its own insured and to guard against the potential for conflict of interest that may affect the insurer's incentive to provide a vigorous defense for its insured *(see, North Star Reins. Corp. v Continental Ins. Co., supra,* at 294-295; *Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra,* at 471-472).

In the present case, Liberty, having paid $1 million plus interest on behalf of Oxford in order to satisfy a portion of the underlying judgment, has now asserted its right to be subrogated to Oxford's right to seek indemnification from the active tortfeasor, Esther Dancour, the driver of the vehicle. However, since Liberty simultaneously insured both Oxford and Manny's, Esther Dancour's employer, for the same risk, the antisubrogation rule is applicable and precludes Liberty from seeking, through subrogation of Oxford's rights, indemnification from Esther Dancour for any payments over $100,000. Accordingly, Liberty's motion for summary judgment seeking enforcement of this Court's prior order is denied, and the cross motions by Aetna and INA for summary judgment are granted.

In light of the above conclusions, we need not address the remaining contentions raised by the parties. Bracken, J. P., O'Brien, Florio and Luciano, JJ., concur.