■ RYDER TRUCK RENTAL, INC., Respondent, v COUNTRYWIDE INSURANCE COMPANY, Appellant. [672 NYS2d 802] —In an action

for a judgment declaring that the defendant is obligated to pay defense and indemnification costs to the plaintiff in connection with the settlement of an action entitled *Borriello v Ryder Truck Rental,* the defendant appeals from (1) an order of the Supreme Court, Kings County (G. Aronin, J.), dated November 13, 1996, which denied its motion for reargument of a decision dated May 25, 1995, and (2) a judgment of the same court, dated November 15, 1996, which, upon denying its motion for summary judgment dismissing the complaint and after a trial on the issue of damages, is in favor of the plaintiff and against it in the principal sum of $500,000.

Ordered that the appeal from the order is dismissed as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment declaring that the defendant is not obligated to pay defense and indemnification costs to the plaintiff in connection with the underlying action; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff has no right of subrogation against the defendant's insured Tar Messenger Service (*see, North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281; *Federal Ins. Co. v Ryder Truck Rental,* 82 NY2d 909; *Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co.,* 235 AD2d 523). Therefore, the defendant is not obligated to tender its policy towards settlement of the underlying case on behalf of Tar Messenger Service.

The remaining contentions are without merit. O'Brien, J. P., Pizzuto, Joy and Florio, JJ., concur.