■ Linda Calafiura-Ehrlich, Respondent, v Spiros Systems 40 Inc. et al., Respondents, and Net Delivery Systems, Inc., Sued Herein as Air Source Net Delivery Service, Inc., Appellant. [686 NYS2d 769] —In an action to recover damages for personal injuries, the defendant Net Delivery Systems, Inc., s/h/a Air Source Net Delivery Service, Inc., appeals from an interlocutory judgment of the Supreme Court, Queens County (Braun, J.), dated November 19, 1998, which, upon an order of the same court dated November 10, 1997, denying its motion to set aside the jury verdict as against the weight of the evidence, adjudged it to be 25% at fault in the happening of the accident. The notice of appeal from the order dated November 10, 1997, is deemed a premature notice of appeal from the interlocutory judgment (see, CPLR 5520 [c]).

Ordered that the interlocutory judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The appellant's challenge to the trial court's charge with respect to New York City Traffic Regulation 83 is unpreserved for appellate review (see, CPLR 5501 [a] [3]; Panzarino v Carella, 247 AD2d 521). The Supreme Court's charge to the jury with respect to New York City Traffic Regulation 81 (a) (4) was proper since there was evidence in the record to support a finding that the regulation was violated and that it was applicable to the facts presented (see, Palmer v Rouse, 232 AD2d 909, 912; Gamar v Gamar, 114 AD2d 487, 489).

The law is clear that a verdict should not be set aside as against the weight of the evidence unless the evidence preponderates so heavily in favor of the moving party that the verdict could not have been reached on any fair interpretation of the evidence (see, Keegan v Prout, 215 AD2d 629, 630; see also, Sideris v Town of Huntington, 240 AD2d 652; Nicastro v Park, 113 AD2d 129, 134). The evidence adduced at trial demonstrated that the appellant's van was unattended and double parked on a major city roadway alongside a construction site during rush hour, with all of its doors closed. There was no evidence that anything was being loaded into the van, or unloaded from the van. The driver had failed to turn on any of the van's warning lights when a taxicab hit it in the rear. Based on these facts, the jury had before it sufficient evidence to conclude that the appellant violated the New York City Traffic Regulation 81 (a) (4), which was "some evidence of negligence", and that the violation was a proximate cause of the accident (see, Ferrer v Harris, 55 NY2d 285; Somersall v New York Tel. Co., 52 NY2d 157; Sullivan v Locastro, 178 AD2d 523, 525;

*O'Connor v Pecoraro,* 141 AD2d 443; *Galioto v Lakeside Hosp.,* 123 AD2d 421, 422; *Gamar v Gamar,* 114 AD2d 487, 489, *supra*). Therefore, the jury's apportionment of 25% fault to the appellant was not against the weight of the evidence.

The appellant's remaining contention is without merit. O'Brien, J. P., Ritter, Thompson and Goldstein, JJ., concur. [As amended by unpublished order entered March 29, 1999.]