EMETERIO RIVERA, Appellant, v KATHY AMERICO et al., Respondents. [780 NYS2d 27]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bunyan, J.), entered December 20, 2002, which, upon a jury verdict on the issue of liability, is in favor of the defendants and against him.

Ordered that the judgment is reversed, on the law, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The plaintiff and his companion lived in an apartment in a house owned by the defendants in Peekskill. To gain access to the apartment, the plaintiff had "to go up a driveway going through the backyard and go up a flight of steps [on the] back deck." This stairway had three steps and no railing. On April 17, 2000, the plaintiff allegedly was injured when one of the steps collapsed.

The plaintiff's expert testified that a handrail was required pursuant to section 713.1 (f) (1) of the State Uniform Fire Prevention and Building Code (*see* former 9 NYCRR 713.1 [f] [1]), and concluded that a handrail would have helped the

plaintiff to maintain his balance, rather than pitch forward onto the ground. In charging the jury, the trial court, inter alia, stated: "This Court has determined as a matter of law that the lack of a handrail at the subject premises or subject steps is not a substantial factor in bringing about the accident and should not be considered by you to be a substantial factor." The jury ultimately found that the defendants were negligent in the maintenance of the stairway, but that such negligence was not a proximate cause of the plaintiff's accident.

"A statute or regulation should be charged where there is evidence in the record to support a finding that the statute was violated (*Wilmot v City of New York,* 73 AD2d 201) and the statute or regulation is applicable to the facts presented (*Enea v Kuhn, Smith & Harris,* 39 AD2d 908)" (*Gamar v Gamar,* 114 AD2d 487, 489 [1985]). The failure to charge a statutory violation warrants reversal where a reasonable view of the evidence could support the finding that such violation was a proximate cause of the accident (*see Cranston v Oxford Resources Corp.,* 173 AD2d 757, 758-759 [1991]; *Koperda v Town of Whitestown,* 224 AD2d 944, 945 [1996]). In the present case, a reasonable view of the evidence could support the finding that the defendants' failure to provide a handrail on the stairway was a proximate cause of the plaintiff's accident (*see Gonzalez v Metropolitan Life Ins. Co.,* 269 AD2d 495 [2000]). Accordingly, we reverse the judgment and grant a new trial.

In light of the foregoing, the parties' remaining contentions are academic. Santucci, J.P., Goldstein, Luciano and Mastro, JJ., concur.