■ ELEANOR FORMAN, Respondent, v LEON McFADDEN et al., Appellants. [844 NYS2d 217]—

Judgment, Supreme Court, New York County (Donr.a M. Mills, J.), entered September 12, 2006, upon a jury verdict awarding plaintiff $100,000 for past pain and suffering and $400,000 for future pain and suffering over 30 years, unanimously affirmed, without costs.

The jury's finding that defendants were fully liable for causing the accident between their truck and plaintiff bicyclist is supported by a fair interpretation of the evidence. The truck, as it turned left, failed to yield the right-of-way to plaintiff, who was slowly proceeding through the crosswalk and had the walk signal in her favor. Plaintiff's medical evidence, including X rays and an MRI, together with her testimony and the detailed testimony of her expert, an orthopedic surgeon, supported the jury's finding that the accident had caused two nondisplaced fractures in the area of her right knee, as well as the rupture of the anterior cruciate ligament in that knee. The jury's resolution of conflicting medical opinions offered by the parties on this issue was supported by the record (see e.g. Brandwein v New York City Tr. Auth., 14 AD3d 396 [2005]).

Defendants did not preserve, by timely objection, their challenges to the trial court's redaction of testimony given by an officer who responded to the scene, or to the removal of the police report from evidence (see e.g. Seay v Greenidge, 292 AD2d 173 [2002]). Were we to consider these arguments, we would find them meritless. The officer was not a witness to the accident, and the police report was founded upon hearsay.

Defendants' argument of prejudice from the trial court's refusal to charge plaintiff's violation of a city ordinance against cycling on the left side of the road is misplaced. There was no evidence that plaintiff had been riding her bicycle on the left side of the road. Moreover, the accident occurred when she was midway across the road in the crosswalk. It would be prejudicial

error to charge a statute when there is no evidence that the statute was violated (*Wilmot v City of New York*, 73 AD2d 201, 204 [1980]). Even assuming that there was some evidence of such a violation, it was a proper exercise of discretion not to charge the statute when no reasonable view of the evidence could support the conclusion that such a violation was a proximate cause of the accident (*Cranston v Oxford Resources Corp.*, 173 AD2d 757, 758-759 [1991], *lv denied* 78 NY2d 860 [1991]).

The jury's future damage award did not deviate materially from what would be reasonable compensation for plaintiff's injuries (CPLR 5501 [c]; *see e.g. Lopez v Consolidated Edison Co. of N.Y., Inc.*, 40 AD3d 221, 223 [2007]; *Calzado v New York City Tr. Auth.*, 304 AD2d 385 [2003]; *Garcia v Queens Surface Corp.*, 271 AD2d 277 [2000]). The jury could find reasonable plaintiff's decision not to undergo surgery to reconstruct her ruptured anterior cruciate ligament, as plaintiff's expert testified. Furthermore, plaintiff testified to symptoms indicating arthritic development in her injured right knee, and her expert gave detailed testimony supporting his conclusion that plaintiff would suffer, in the future, from an arthritic knee condition. Concur—Lippman, P.J., Andrias, Williams, Buckley and Malone, JJ.