KHANDAKER M. ALI et al., Appellants, v CITY OF NEW YORK et al., Defendants, and TRUMP INTERNATIONAL HOTEL AND TOWER CONDOMINIUM et al., Respondents. [870 NYS2d 263]—

In view of plaintiff's testimony that he tripped over a gap in the grate frame itself, and the absence of any evidence that plaintiff tripped over any defect extending beyond the grate itself, the trial court correctly charged the jury that Rules of City of New York Department of Transportation (34 RCNY) § 2-07 (b) (2), which requires grate owners to maintain a 12-inch area extending outward beyond the perimeter of the grate, was irrelevant (*see Green v Downs*, 27 NY2d 205, 208 [1970]; *Forman v McFadden*, 44 AD3d 523, 523-524 [2007]; *cf. Montanez v Manhattan & Bronx Surface Tr. Operating Auth.*, 139 AD2d 411, 411-412 [1988]). The trial court also correctly precluded plaintiff's engineering expert from testifying that the 1³/₄-inch depression he measured around the grate exceeded an industry safety standard of no more than three eighths of an inch, where plaintiff's expert acknowledged that the claimed standard is not set forth in any code, ordinance or published industry document, and that his knowledge thereof was based only on experience (*cf. Peters v Trammell Crow Co.*, 47 AD3d 419, 420 [2008]). The trial court also correctly directed a verdict in favor of Trump Hotel. Plaintiff testified that "[t]here was very little light," that "there was not enough light" and that it was "kind of dark" in the area at the time of the accident. Those mere conclusions were insufficient to establish that the lighting in the area was inadequate (*see generally Folks v New York City Hous. Auth.*, 227 AD2d 520, 521 [1996], citing *Rodriguez v New York City Hous. Auth.*, 87 NY2d 887 [1995]), and the court correctly determined that no reasonable juror could reasonably conclude that Trump negligently failed to provide adequate lighting (*see* CPLR 4401). Concur—Friedman, J.P., Sweeny, McGuire, Renwick and Freedman, JJ.