Solomon v Green Bay Sanitation Corp. (2018 NY Slip Op 05882)





Solomon v Green Bay Sanitation Corp.


2018 NY Slip Op 05882


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-10232
 (Index No. 502632/12)

[*1]Randy Solomon, appellant, 
v
Green Bay Sanitation Corp., et al., respondents.


Ogen & Sedaghati, P.C., New York, NY (Eitan Alexander Ogen of counsel), for appellant.
Charles J. Siegel, New York, NY (Heather M. Palmore of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated August 17, 2016. The order, insofar as appealed from, denied that branch of the plaintiff's motion pursuant to CPLR 4404(a) which was to set aside a jury verdict in favor of the defendants and against him on the issue of liability and for a new trial on that issue.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action arises out of a two-car motor vehicle accident in which a sanitation truck owned by the defendant Green Bay Sanitation Corp. (hereinafter Green Bay), and driven by the defendant Antonio G. Mar, allegedly struck the open door of the plaintiff's parked vehicle. At the close of evidence at trial, a charge conference was held. The plaintiff requested that the Supreme Court charge, inter alia, that a violation of speed restrictions codified in the Vehicle and Traffic Law and the Rules of the City of New York would constitute negligence (see PJI 2:26; Vehicle and Traffic Law § 1180[a]; 34 RCNY 4-106). The court declined the plaintiff's request. The jury returned a verdict on the issue of liability in favor of the defendants. A judgment, based upon the jury verdict, was entered in favor of the defendants. Thereafter, the plaintiff moved, inter alia, to set aside the jury verdict and for a new trial, arguing, among other things, that the court erred in declining to submit the PJI 2:26 charge to the jury. The court denied that branch of the plaintiff's motion, and the plaintiff appeals.
We note that the plaintiff s appeal from the judgment was dismissed by a decision and order on motion of this Court dated July 5, 2017, for failure to timely perfect. While the plaintiff ordinarily would be precluded from relitigating the issues which could have been raised on the prior appeal (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754; Bray v Cox, 38 NY2d 350, 353), under the circumstances of this case, we exercise our discretion to determine the issues raised on the instant appeal (see Faricelli v TSS Seedman's, 94 NY2d 772, 774; Saunders v Tarsia, 124 AD3d 620, 620; Ravina v Hsing Hsung Chuang, 95 AD3d 1288, 1288-1289).
" A statute or regulation should be charged where there is evidence in the record to support a finding that the statute was violated (Wilmot v City of New York, 73 AD2d 201, 204) and [*2]the statute or regulation is applicable to the facts presented (Enea v Kuhn, Smith & Harris, 39 AD2d 908)'" (Rivera v Americo, 9 AD3d 356, 357, quoting Gamar v Gamar, 114 AD2d 487, 488-489). "The failure to charge a statutory violation warrants reversal where a reasonable view of the evidence could support the finding that such violation was a proximate cause of the accident" (Rivera v Americo, 9 AD3d at 357; see Cranston v Oxford Resources Corp., 173 AD2d 757, 758-759; Cordero v City of New York, 112 AD2d 914, 916).
We agree with the Supreme Court's determination declining the plaintiff's request to charge the jury on the speed-limit provisions of Vehicle and Traffic Law § 1180 or 34 RCNY 4-06. Even if the jury found that Mar had violated these provisions, no reasonable view of the evidence could support the conclusion that such violation was a proximate cause of the accident (see Chen v Century Motor Leasing, Inc., 51 AD3d 618, 618-619; Forman v McFadden, 44 AD3d 523, 523-524; Farino v Cassiere, 260 AD2d 534; Cranston v Oxford Resources Corp., 173 AD2d at 758-759; Koperda v Town of Whitestown, 224 AD2d 944, 945).
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court