Fratello v County of Suffolk (2021 NY Slip Op 06152)





Fratello v County of Suffolk


2021 NY Slip Op 06152


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-13264
 (Index No. 20536/06)

[*1]Joseph Fratello, respondent, 
v
County of Suffolk, et al., appellants.


Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Randy S. Nissan and Peter Sullivan of counsel), for appellants.
Scott Lockwood, Deer Park, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Suffolk County (John H. Rouse, J.), entered September 20, 2019. The judgment, upon a jury verdict, is in favor of the plaintiff and against the defendants in the principal sum of $150,000.
ORDERED that the judgment is affirmed, with costs.
On June 10, 2005, the plaintiff was operating a commercial van westbound on Montauk Highway in Bridgehampton. While the plaintiff was making a left turn into a parking lot, a bus operated by the defendant Thomas Wilson, and owned by the defendant County of Suffolk (hereinafter together the defendants), was traveling eastbound on the highway's shoulder when it collided with the van. Thereafter, the plaintiff commenced this personal injury action against the defendants. At the close of the liability phase of the trial, the jury found that the plaintiff was not negligent in the happening of the accident, and that Wilson's negligence was a substantial factor in causing the accident. At a trial on the issue of damages, the jury awarded the plaintiff the principal sum of $150,000. The defendants appeal from the judgment.
Contrary to the defendants' assertion, the Supreme Court did not err in granting the plaintiff's request for a missing witness charge for the defendants' failure to call Wilson at trial (see Morales v Davidson Apts., LLC, 193 AD3d 719; Ever Win, Inc. v 1-10 Indus. Assoc., 111 AD3d 884, 886; Taveras v Martin, 54 AD3d 667, 668). The defendants' additional contention regarding the missing witness charge is unpreserved for appellate review since defense counsel failed to state any specific objection to the charge at trial, other than taking a general exception to it being given (see Verruso v Bourget's Bike Works, Inc., 67 AD3d 780). Moreover, any contention by the defendants regarding the impropriety of certain summation comments made by the plaintiff's counsel regarding their failure to call Wilson at trial is unpreserved for appellate review (see Castillo v MTA Bus Co., 163 AD3d 620, 623; Jean-Louis v City of New York, 86 AD3d 628, 629).
Contrary to the defendants' contention, the Supreme Court did not err in declining their request to charge the jury on certain sections of the Vehicle and Traffic Law. "'A statute or regulation should be charged where there is evidence in the record to support a finding that the [*2]statute was violated (Wilmot v City of New York, 73 AD2d 201) and the statute or regulation is applicable to the facts presented (Enea v Kuhn, Smith & Harris, 39 AD2d 908)'" (Rivera v Americo, 9 AD3d 356, 357, quoting Gamar v Gamar, 114 AD2d 487, 489; see Solomon v Green Bay Sanitation Corp., 164 AD3d 854, 855; see also Vail-Beserini v Rosengarten, 267 AD2d 812). Here, the court properly concluded that the sections requested by the defendants did not apply to the facts adduced at trial.
Lastly, the Supreme Court did not err in denying the defendants' motion to set aside the jury's verdict on the issue of liability as against the weight of the evidence. The jury's determination with respect to the plaintiff not being negligent in the happening of the accident was supported by a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746).
The remaining contentions of the parties are either improperly raised for the first time on appeal or without merit.
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court